Chief Justice Robertson
delivered the Opinion of the Court.
On a bill pro confesso, the Circuit Court decreed that Sarah McDowell should pay to Chi’istopher Graham, one hundred dollars, which, in his bill, he alleged that he had been informed she owed to Stephen Davis, against whom he had issued a fieri facias, on which there had been a return of nulla bona.
The allegations respecting the indebtedness of Sarah _ ° . r ° . McDowell are m these words: — “Said Davis has no “ means whereby your orator may have the balance of “ his debt satisfied, except a claim for one hundred dol- “ lars, which your orator understands and verily be- “ Heves he has on Mrs. Sarah McDowell, for plastering ta house for her, which work, your orator is informed, “ has been done by the said Davis, and that the said sum “ of one hundred dollai's is now due and owing to said “ Davis, by the terms of their agreement.”
When analyzed, these allegations cannot, by any consistent or allowable interpretation, be undex-stood as im *74 porting more than, first — that Graham believed that Davis had a “ claim” on Mrs. McDowell, for work he had been “informed” that he had done for her; second — that he had been “ informed” that Davis’ “ claim” was “ due and owing.”
All this, in its utmost latitude of construction, is far from amounting to an allegation that Mrs. McDowell owes Davis a hundred dollars, or any thing. The fact that he claimed one hundred dollars, is no proof that she owed him one hundred dollars. But even if it were, it might bo admitted that Graham had been “informed,” that she owed Davis, and still the fact of indebtedness would not be thereby admitted; for it may be perfectly true, that Graham had been “ informed” that she owed Davis, yet his information q.s to the fact of her indebtedness, and the fact itself, being essentially distinct and different things, the one does not follow, as a deduction of either right logic or good law, from the other.
Had she answered, and, in the language of the bill itself, admitted that Graham believed that Davis had a “ claim” against her, and that he had been “ informed” that she owed Davis, she would have responded fully to all the material allegations; and her answer would have contained nothing like an admission that she was indebted to Davis. Much less should any such admission be inferred from her silence. By not answering, she only admitted the allegations of the bill; that which was not alleged to be a fact, was not admitted to be a fact. And Graham having failed to charge, as a fact, that she owed Davis, but having ventured only to aver that he had heard that she owed him, — surely her failure to answer such allegations should not be construed into a confession of the unalleged fact; but should be understood as an admission only of the fact alleged, to-wit, that he had heard, or been informed, that Davis had a claim against her, and that the “ claim” was still “ due and owing.”
Such allegations are, according to authority as well as reason, altogether insufficient to justify the decree which has been rendered against Mrs. McDowell, and which she prosecutes this writ of error to reverse.
*75 In Longes vs. Kennedy (2 Bibb, 607,) this court decided, that alleging only that the complainant had been informed and believed, that a fact material to his equity existed, did not necessarily imply the actual existence of the fact, and did not authorize a decree pro conjesso against the defendant. And that decision accords with the prevailing doctrine of both the British and American Chancery.
The case of Neal vs. Keel’s Ex’or s. (4 Mon. 162,) does not overrule or conflict with that of Longes vs. Kennedy. In that case the allegations, when fairly construed altogether, amounted to a direct charge, especially as they refer to the entries made by Neal on the books of the inspectors. There is much more alleged in that case, than merely that the executors had been informed and believed that Neal owed their testator.
Wherefore, it is decreed and ordered, that the decree of the Circuit Court be reversed, and the causo remanded.