## MAYNARD & Co. v. JOHNSON.

1. It is the duty of a Court, when a proper charge is requested, to respond direct-
ly to the charge asked for, and the refusal to give an appropriate charge cannot
be justified by afterwards giving one less extensive, but equally free from error.

2. The taking of a promissory note raises the presumption that a settlement is then
made of all outstanding accounts between the parties, but this is a presumption
which may be rebutted by other presumptions, or by other facts and circum-
stances.

WRIT of Error to the Circuit Court of Mobile county.

Action of assumpsit on the common counts by Johnson
against Maynard & Co. Pleas—non-assumpsit, payment and
set-off.

At the trial the plaintiff offered in evidence letters written
by the defendants, conducing to show the course of dealing
between them, and that in the year 1838, the plaintiff sold to
the defendants a stock of drugs, for about two thousand dol-
lars. Also an account rendered by the defendants to the
plaintiff, under date of August, 1838, showing a balance against
the defendants of 422 50-100 dollars. The defendants offered
in evidence a note made by the plaintiff to them or bearer, under
date of the 10th May, 1840, promising to pay 45 40-100 dol-
lars on the first day of January then next.

The defendants asked the Court to charge the jury, that the
giving of a promissory note by the plaintiff to them, after the
date of the account, on which the defendants admitted them-
selves indebted to the plaintiff, was, if unexplained, presump-
tive proof of a settlement of accounts between them.

And the defendants asked the further charge, that the giv-
ing such promissory note by the plaintiff to the defendants was
sufficient to warrant the jury in finding the plaintiff indebted
to the defendants; and that if such fact be unexplained, the
jury ought to find a verdict for the defendants, for the principal
and interest of the note. These charges were refused, and the
jury instructed they must take the whole case, and find such a

verdict as the proof on both sides warranted; that the note was not conclusive evidence of a final settlement.

The defendants excepted to the refusal to give the charges asked for, and also to that given, and prosecute this writ of error to reverse the judgment rendered against them.

STEWART, for the plaintiff in error.
DARGAN, contra.

GOLDTHWAITE, J.—1. We have several times held that it is the duty of a Court, when a proper charge is requested, to respond directly to the request; and that the refusal to give an appropriate charge will not be justified by afterwards giving one equally free from error. In the present case the defendants requested the Court to instruct the jury, that the giving of the note by the plaintiff, to the defendants, created the presumption of a settlement of accounts up to the date of the note, and that this presumption, if unexplained, was evidence of such a settlement. We think the Court should have given this charge, as it is strictly proper, under the facts disclosed in evidence.

2. After giving the charge as requested, it would have been proper to explain to the jury that the giving the note raised the presumption of settlement of all outstanding accounts between the parties; but that this was a presumption which could properly be rebutted by other facts and circumstances. The charge given in this case was less extensive than the one which the defendants asked for, and waived the question of any presumption arising out of the giving of the note by stating to the jury that it was not conclusive.

It is not important to consider the refusal to give the other charge requested, as the conclusion that there is error is already attained.

Let the judgment be reversed and the cause remanded.