## RILEY v. MARSHALL, ET AL.

1. Where a coroner collects money under an execution which is afterwards quashed, before the money is paid over, the defendants cannot, by notice and motion, recover of the coroner, the amount thus collected and retained.

2. Several defendants, who have each paid for himself different amounts upon an execution against them, which is afterwards quashed, cannot unite in a suit to recover the amount paid, and obtain one judgment adjudging to each of them the sums they are respectively entitled to. Their rights are several, each are not interested in the entire judgment, and difficulties might arise in its enforcement by execution.

WRIT of Error to the Circuit court of Russell.

This was a proceeding by notice and motion, at the suit of the defendants in error against the plaintiff as coroner, for the recovery of money collected of them on sundry writs of *fieri facias*, issued from the Circuit court of Russell, which had been quashed by order of that court. The amount alleged to have been collected of Park is eight hundred and twenty-six dollars; of Marshall six hundred and five dollars; and of Stapler twenty-two hundred and thirty-seven dollars. Various proceedings were had in the case, and a judgment at length rendered upon verdict in favor of Park for five hundred and eighty-six dollars, of Marshall for six hundred and five dollars, and of Stapler for nineteen hundred and ninety-seven dollars. These several sums are all adjudged to the plaintiffs below by one judgment.

BELSER and HEYDENFELDT, for the plaintiff in error.

COLLIER, C. J.—We have no statute which authorizes the course of proceeding adopted in this case. Our legislative acts, which provide a summary remedy against officers for the failure to pay over money collected on execution, &c. contemplate the plaintiff in execution as the actor in the motion, except in some few cases, of which the case before us is not one. These acts we have always held were introductive of a new and extraordinary remedy unknown to the common law, and could not be extended

by construction so as to embrace other cases coming within their mischief, and in which the officer was chargeable with a breach of duty. In the present case the motion is made by the defendants in certain executions which the court had directed to be quashed; it is a *casus omissus* in our statutes, and should not have been entertained. It need not be considered whether the court could not afford some expeditious remedy, so as to render a resort to a suit unnecessary.

But if the jurisdiction of the Circuit court, in the manner in which it has been exercised were unquestionable, the judgment would be erroneous, because it adjudges distinct sums of money to be paid severally to each of the plaintiffs in the motion. Such a judgment in a court of law cannot be supported. An execution issued upon such a judgment would require not a joint sum to be collected, to which each and all the parties were entitled, but distinct amounts due them severally. If either of the plaintiffs in the judgment were to die, his interest would not be collectable by execution until his representative was made a party, and there could be no revival by associating an executor or administrator with the other plaintiffs. But this point is too plain to require explication; it need but be stated to show the irregularity of the judgment. Such a proceeding, if allowable by law, should have been at the suit of each of the plaintiffs, for the recovery of the sums collected of them respectively.

We have only to say, that the judgment of the Circuit court is reversed.