## COLE v. SPANN.

1. All previous conversations or verbal agreements are merged in a written contract subsequently made; and when there was testimony of a written contract, it was error in the court to instruct the jury that the plaintiff might prove a fact by the contract in writing, or *otherwise.*
2. It is error for the court to refuse to give a proper charge, in the language requested.

Writ of Error to the Circuit Court of Macon.    Before the Hon. S. Chapman.

THE defendant in error, declared in assumpsit, against the plaintiff in error, for money had and received; and upon a special contract.    On the trial, a bill of exceptions was sealed by the presiding judge, which shows, that the plaintiff below introduced a witness, who proved a verbal agreement between the plaintiff, and defendant, by which the defendant below, agreed to purchase a tract of land of one Williams, containing three hundred and twenty acres, and to let the plaintiff have it at the same price he had to give Williams, provided that the land did not exceed eight dollars per acre. There was also testimony tending to show, that Cole had purchased the land for $2,200 of Williams, but represented to Spann he had paid $2,560 for it; and that Spann had paid him the last named sum for it.

The plaintiff in error then introduced a witness, who stated, that after the making of said verbal agreement, the parties met at one Dill's by appointment, and their contract was then reduced to writing, and that after the contract had been performed, as it was supposed satisfactorily to both parties, the same was destroyed by the direction of both parties. Another witness stated, that he had heard the contract read to the parties, and that they expressed themselves satisfied with it.    That the stipulations of the written contract were

68

according to his recollection—that if the defendant Cole, could buy the land of Williams, that he was to let the plaintiff Spann have it, for eight dollars per *acre*, and that he had no recollection of any stipulation in said contract, by which the defendant was to let the plaintiff have it at the same price, that he might buy it of *Williams*.

The defendant requested the court to charge the jury, that if they believed, that the contract was reduced to writing, that the parol, or verbal contract, was merged in the written contract, and that the latter was the only contract between the parties. This charge the court gave.

2. That if the jury believed, that the contract was reduced to writing, then it was incumbent on the plaintiff to show, that the written contract contained a provision, that the defendant was to let the plaintiff have the land at the same price that he had to give Williams for it, and that unless the plaintiff had done so, he could not recover. This charge the court refused, except with this qualification, that to enable the plaintiff to recover, he must prove, that there was a contract in writing, or otherwise, that the defendant was to purchase the land of Williams, and was to let the plaintiff have it at the same price, that he, the defendant, gave Williams for it. And that if the defendant bought the land for $2,200, and falsely represented, that he had paid $2,560 for it, and that plaintiff had paid him $2,560, under the belief that the defendant had paid this latter sum for it, then the plaintiff could recover.

To the refusal to give the second charge as requested, and to the charge given, the defendant excepted; and here assigns for error, the refusal to give the second charge requested, and the charge as given.

McLester, for plaintiff in error.

The charge requested was abstract, and should not have been given, as it leaves the right to recover, confined entirely to the supposed written contract. The qualification is proper and legal.

Gunn and Cocke, contra.

1. The written contract alone was the evidence of the

terms of the contract, and any parol contract, in reference to the subject matter of the contract, was merged in the written contract. 5 Porter, 498; Gilpin v. Consequa, 1 Peters's C. C. Rep. 86; 1 Ala. Rep. 161.

2. The charge given was ambiguous, and calculated to mislead the jury. The charge requested was simple, and appropriate to the evidence; the refusal to give it was error. 4 Ala. 116; 11 Id. 535, 1059.

DARGAN, J.—If the contract between the parties was reduced to writing, this written agreement is supposed to contain the entire contract, and it is not permissible to add other terms to the contract than those contained in the written instrument. 1 Ala. R. 161; 5 Porter, 498. The question should have been left to the jury to determine, whether there was a written contract, or not. If they found that the contract had been reduced to writing, they should then have ascertained the terms of it, from the parol proof, as the instrument had been destroyed. The second charge therefore requested, was a simple and appropriate charge, and should have been given. The charge given, in lieu of the charge requested, was calculated to mislead the jury. It was, that the plaintiff must prove a contract in writing, *or otherwise*, that the plaintiff in error, was to let the defendant in error, have the land at the same price, that he had to give Williams for it. The testimony of the plaintiff below tended to show, that the contract was a verbal one merely, and contained the stipulation, that Cole was to let Spann have the land, at the price he had to pay for it.

The testimony of the defendant below, tended to show, that the contract was reduced to writing, and did not contain this term. The charge requested by the defendant, was adapted to the evidence offered by him. The charge given might mislead the jury, in this, that from it they might think the plaintiff could recover, although the written contract did not contain this term, if the parol contract as proved by the plaintiff, did contain it, when the law clearly is, that all previous conversations, or verbal agreements, are merged in the written agreement, and the plaintiff's right to recover would

depend on the terms of the written contract, if indeed it had been reduced to writing.

The rule is, that if an appropriate charge is requested, and it is not given as requested, but a charge is given in lieu of the one requested, that is calculated to mislead the jury, it is error. See 4 Ala. Rep. 116; 11 Id. 535, 1059. If, however, the charge given, is not in the language of the charge as requested, yet if the charge given, is a full and fair exposition of the law, not calculated to mislead the jury, the judgment should not be reversed, because the party was entitled to the charge as requested. But in this view I am alone, the court being of opinion, that the party making the request, is entitled to have the charge given in the language requested. But in this case, the defendant was entitled to the charge requested, and the charge given might have misled the jury. For this the judgment is reversed, and the cause remanded.

CHILTON, J., not sitting.