## WARE et al. vs. COWLES.

1. An act or admission, to conclude a party from afterwards asserting a right, must be plainly inconsistent with that right, and must have been acted on by the other party; if it is susceptible of two constructions, one of which is consistent with that right, it forms no estoppel.

2. The rule as to contradicting or varying a written instrument by parol proof, obtains with the same force in equity as at law. Therefore, where a written contract recited that the purchase money was to be paid on a specified day, and that the vendor was to make titles when the purchase money was settled with him, and no fraud or mistake in its execution was alleged, it was held, that the terms of the contract could not be varied, in equity, by proof of a contemporaneous parol agreement that the purchase money was not to be paid on the day specified, but was to await a settlement of accounts between the parties.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. JAMES B. CLARK.

Ware v. Cowles.

This bill was filed by the appellants, Robert J. Ware, Arnold Seales and Moses Jones, against Thomas M. Cowles, for a specific execution of a contract and an injunction against an action at law. It alleges, substantially, that said Cowles, in the fall of 1849, by verbal contract, sold certain lands to said Ware, for $1,250, one half payable on the 1st of January, 1850, and the other half on the first of January, 1851 ; that in April, 1850, said Ware sold said lands to complainant Seales, and gave him a bond for titles, but before doing so he informed said Seales that he had purchased it of Cowles under a verbal contract, and that he would not sell it to him unless Cowles recognized said verbal contract; that thereupon Ware and Seales called on Cowles, " to know whether he had made said verbal contract, and whether he recognized the same, and whether he was then willing that said Ware should sell said lands to said Seales"; that said Cowles replied, " that he considered said verbal contract a binding one, and agreed that said Ware might sell said lands to said Scales, and that he would look to said Ware for the said purchase money" ; that in June, 1850, said verbal contract between Ware and Cowles was reduced to writing, a true copy of which writing is appended to the bill as an exhibit, and is alleged to be, " in terms and language, a reiteration on paper of said verbal contract"; that said Seales went into possession of said lands under his said purchase, and afterwards sold them to said Moses Jones, and executed to him a bond for titles ; that said Jones took possession under his purchase, and has erected permanent and valuable improvements on said lands, " on the faith of said purchase by said Ware from said Cowles, and by said Scales from said Ware, and by said Jones from said Seales, and on the acquiesence of the said Cowles in his said sale to Ware, and on his consent that said Ware should sell said lands to said Seales" ; that payments on their purchases have been made both by Seales and Jones; that said Cowles, at the time said verbal contract between him and Ware was entered into, and when it was reduced to writing, was indebted to Ware in a much larger sum than the amount of the purchase money agreed to be paid by Ware for said lands, and that it was then agreed between them that the payment of the purchase money should await a settlement of their accounts; that Ware repeatedly applied to Cowles for a settlement of their

accounts, which Cowles refused to make; and that Ware has now instituted suits in the Circuit and Chancery Courts to compel a settlement; that Ware had never demanded titles of Cowles, because, as he conceived, he had no right to do so until a settlement of their accounts had been made; that Cowles has commenced an action at law against Jones, to recover the possession and try the titles of said lands.

The prayer of the bill is, that Cowles be decreed to execute titles to said lands; and that he be perpetually enjoined from the further prosecution of said action at law. The contract between Cowles and Ware, as reduced to writing in June, 1850, and exhibited with the bill, is as follows:

"I have sold to Robert J. Ware the east half of section thirteen (13), township fourteen (14), and range twenty-four (24), in Macon County, for twelve hundred and fifty dollars, ($1,250); one half to have been paid 1st of January, 1850, and the remaining half in January, 1851; and for which I am to execute to him a warrantee title when the above amount has been settled with me. June 3, 1850. THOMAS M. COWLES."

The Chancellor dismissed the bill, for want of equity, without prejudice to Jones's right of filing a bill against Cowles for his improvements; and this decree is now assigned for error.

BELSER & RICE, for appellants, contended, that the allegations of the bill made out a clear case of estoppel against Cowles, and showed that he ought to be enjoined from prosecuing his action at law (Stone v. Brittan, 12 Ala. 543; Barnes v. Taylor, 23 ib. 255; Matthews v. Bliss, 22 Pick. 48); that the terms "settled with me," used in the written contract, do not mean a payment in money, but "accounted with me on settlement" (Welborn v. Shepherd, 5 Ala. 674); that the writing is susceptible of two meanings, if this is not its proper construction, and therefore parol evidence is admissible to show in what sense the words were used (Hogan v. Reynolds, 8 Ala. 68); that complainants do not rely upon any parol contemporaneous agreement, but upon Cowles' subsequent acts and conduct, which waives and destroys his vendor's lien on the land (Young v. Wood, 11 B. Mon. 128; Houston v. Stanton, 11 Ala. 422; Burns v. Taylor, 23 Ala. 255; Wallis v. Long, 16 Ala. 738;

Wentz v. Dehaven, 1 Serg. & R. 312; Pinkard v. Ingersoll, 11 Ala. 17).

N. W. COCKE, *contra.*

GOLDTHWAITE, J.—The first question presented upon the record is, whether, upon the case made by the bill, Cowles was estopped from asserting his title against Seales and Jones. It is clear, both upon principle and authority, that the conduct or admission which concludes a party must be plainly inconsistent with the right which he afterwards sets up.—Pickard v. Sears, 6 Adol. & El. 469; Co. Litt. 352. If the act or admission be susceptible of two constructions, one of which is consistent with the right, the party would not be concluded from its assertion, because to do so might operate to defeat a man's rights by argument or inference, which is not allowable (Co. Litt. 352 b). So, too, the admission, however unequivocal it may be, will not operate as an estoppel unless the other party has acted upon it.—Heane v. Rogers, 9 B. & C. 577; Wallis v. Truesdell, 6 Pick. 445.

In the case before us, it appears that the only object of the parties, in calling upon Cowles, was to ascertain if he would recognize the verbal sale which he had previously made to Ware. This he did, and consented that Ware might sell the land to Seales, and that he would look to the former for the purchase money. Taking all the facts in connection with each other, we are by no means certain that Cowles intended any thing more than that Ware might sell the land in the same manner as he might have done had the agreement been in writing. The bill admits, that the verbal contract was the same as the written one subsequently entered into; and that being the case, by its terms, the titles were not to be made until the purchase money had been settled; and it would be unreasonable to suppose that Cowles, in giving his consent to Ware to sell, intended to change the agreement in one of its substantial terms. This consent might as well refer to the transfer of the equitable title, which Ware would have had if the agreement had been put in writing; and to carry it further would be to create an estoppel by inference. We say nothing as to the discharge of the lien upon the land, because we do not consider that ques-

tion presented upon the record, as it is not charged that Seales was influenced in his action, as to the buying of the land, by the conduct of Cowles in agreeing to look to Ware for the purchase money.

If we could allow the written agreement, made between Ware and Cowles, to be varied by parol proof, then it is very clear that the complainant, if not entitled to a specific performance, would have been at least entitled to an injunction until the settlement of accounts between Ware and Cowles; but the rule as to contradicting or varying a written instrument by parol evidence, obtains with the same force in equity as at law.— Bank of Mount Pleasant v. Sprigg, 14 Peters 201. The agreement is certain upon its face ; the bill charges neither fraud nor mistake in its execution ; and its terms could not, therefore, be permitted to be changed by proof of a parol contemporaneous agreement, that the purchase money was not to be paid at the time specified in the written contract, but to await a settlement of accounts between the parties. Ware cannot call upon the court to aid him, because he has not complied, nor offered to comply with the agreement on his part ; and his assignees, so far as a specific performance is concerned, stand in no better condition than himself ; and Cowles not being concluded by his consent that Ware might sell, the other parties are not entitled to an injunction generally. Jones may have a separate claim for his improvements, and the decree of the Chancellor was without prejudice to the assertion of that claim.

The decree must be affirmed, the appellants paying the costs of this court.