JONES *vs.* COWLES ET AL.

1. When the equity of a bill rests upon the existence of a particular fact, that fact must be clearly alleged in the bill : an allegation that complainant "is advised and believes," is not sufficient.

2. A bill was filed, setting up an equitable estoppel, to perpetually enjoin the defendant from asserting his legal title to a tract of land which he had verbally sold to one W., who sold to S., who sold to complainant. It alleged, that W. agreed to sell to S. if defendant would sanction the sale and recognize his verbal contract, and that they together called on him to ascertain whether he would do so ; that defendant replied, that he did recognize the validity of his contract, that he was willing that W. might sell to S., and that he would look to the former for the payment of his purchase money. The answer admitted these facts, but denied that defendant thereby intended to surrender his right to look to the land as a security for the purchase money, or to do more than recognize the validity of his verbal contract : *Held,* that the injunction was properly dissolved on the coming in of this answer, as the facts admitted by it were not sufficient to create an estoppel.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Moses Jones against Thomas M. Cowles, Robert J. Ware, and Arnold Seales, setting up an equitable estoppel against said Cowles, and praying that he might be perpetually enjoined from the further prosecution of a suit at law for the recovery of a certain tract of land, which he had sold by parol to said Ware, who sold to said Seales, who sold to complainant. The allegations of the bill and answer are stated at sufficient length in the opinion of the court. On the coming in of the answer, a motion was made to dissolve the injunction, and to dismiss the bill for want of equity ; and both these motions were sustained by the chancellor, whose decree in that behalf is now assigned for error.

GEO. W. GUNN, for the appellant, contended,—

1. That the allegations of the bill were sufficient ; that it is only necessary, in chancery pleading, to allege the facts upon which the relief is sought, and though that proof may consist of admissions, it is not required to allege in the bill

that such admissions were made.—Brandon v. Cabiness, 10 Ala. 156 ; M. & C. P. Railroad Co. v. Toulmin, 15 *ib.* 472 ; Bishop v. Bishop, 13 *ib.* 475 ; Owen v. Moore, 14 *ib.* 640 ; Holman v. Bank of Norfolk, 12 *ib.* 369 ; Calhoun v. Cozens, 3 *ib.* 498 ; Hogan v. Decatur Branch Bank, 10 *ib.* 486 ; Read v. Walker, 18 *ib.* 329 ; Lanier v. Hill, 25 *ib.* 554.

2. That the admissions of the answer made out a clear case of equitable estoppel against Jones, and therefore the injunction ought not to have been dissolved.—Brown v. Wheeler, 17 Conn. 345 ; 4 Comyn's Digest, tit. Estoppel, p. 200 ; Co. Litt. 352 a (1) ; Robertson v. McNeill, 12 Wend. 578 ; 6 Pick. 148 ; 17 Serg. & R. 364 ; McCrarey's Executors v. Remson, 19 Ala. R. 430 ; Pool v. Harrison, 16 *ib.* 167 ; McPherson v. Walters, 18 *ib.* 715 ; Moore v. Levert, 24 *ib.* 310 ; Steele v. Adams, 21 *ib.* 534 ; Bean v. Welsh, 17 *ib.* 770 ; Center v. P. & M. Bank, 22 *ib.* 743 ; Stone v. Britton, *ib.* 543 ; Rowland v. Day, 17 *ib.* 683 ; Burns v. Taylor, 23 *ib.* 255 ; Young v. Wood, 11 B. Mon. 128.

N. W. COCKE, *contra*, insisted, that there was no equity in the bill, and for that reason the injunction was properly dissolved ; that the only issue presented by the allegations of the bill, was whether complainant " is advised and believes" that the facts existed on which he relied, and this was insufficient (Read v. Walker, 18 Ala. 332 ; McDowell v. Graham, 3 Dana 73 ; Spence v. Duren, 3 Ala. 253) ; that the other allegations of the bill were too vague and uncertain to entitle complainant to relief; and that the facts admitted by the answer did not constitute an estoppel *in pais* (Ware v. Cowles, 24 Ala. 446).

GOLDTHWAITE, J.—The object of the bill is, to prevent Cowles from asserting his legal title to certain lands (which, it is alleged, he sold to Robert J. Ware, and which were sold by him to Arnold Seales, and by Seales to the complainant Jones) on the ground, that he has placed himself in a position which, in equity, estops him from the assertion of such title against the appellant, Jones.

The charge is, that Seales purchased of Ware certain lands, including the lands subsequently sold to the complainant, for

the sum of four thousand dollars, for which he gave his notes and received a bond for titles from Ware. The bill then proceeds:—" Your orator further saith, that he is advised and believes, that before the said contract of purchase was consummated, that the said Thomas M. Cowles, in whom was the legal title, as your orator is informed, said to the said Arnold Scales and Robert J. Ware, that the said Ware might sell the said lands to the said Scales, and that he (the said Cowles) would look to the said Ware for the payment of the same; and that the said Cowles, in fact, stood by and gave his assent, as he believes, to the sale of said lands by the said Ware to the said Scales, he having been advised at the time that a contract had been agreed upon, which was to become effectual if he (Cowles) should approve or sanction the sale, which he did do." The bill then states, that Scales was induced, by the statement made by Cowles, to enter upon and purchase the land; that Scales sold to complainant, who made the purchase, and valuable improvements, on the faith of the assent of Cowles to the sale by Ware. It will be seen from the statement we have made of the bill, that the equity of the appellant rests entirely upon the conduct of Cowles in giving his assent to the sale by Ware to Scales; and hence it is necessary that that fact should be clearly charged in the bill. But the bill is defective in this, as the fact of the assent is not charged at all. The allegation, as will be seen from the extract we have made, simply is, that the complainant was advised and believed that such assent had been given, and this is not enough.—Read v. Walker, 18 Ala. 323, 332; McDowell v. Graham, 3 Dana 73. If the allegation we have referred to is struck out, there is no other which would create any estoppel on the part of Cowles.

But if the fact which we suppose was intended to be charged had been alleged with sufficient certainty, we think the injunction was properly dissolved on the answer of Cowles. In this aspect, the facts out of which the supposed equity of the appellant arises, are, that there was a contract between Ware and Scales for the sale of the land, which was to become effectual if Cowles, who had the legal title, should approve and sanction the sale; that Cowles, on being advised of the contract, gave his assent to the sale, and said that he

would look to Ware for the purchase money ; and that Seales and the appellant acted upon the assent thus given and the statement thus made.    Cowles, in answering in relation to this matter, states, that in the fall of 1849, he had agreed verbally to sell the land to Ware for twelve hundred and fifty dollars, one half to be paid on the first of January, 1850, and the other half in January, 1851 ; and that afterwards, Seales being in treaty for the purchase of the land from Ware, they called on him, and inquired if he recognized the validity of the verbal contract,—considered it a binding one, and was willing that Ware should sell the land to Seales ; and that he replied, that he did  recognize the validity of the verbal contract, regarded it as a binding one, was willing that Ware should sell the land to Seales, and that he would look to the former for the purchase money ; and he denies, expressly, that he, on any other occasion, made use of such language, or that he thereby intended to surrender any right to look to the land as a security for the purchase money due to him from Ware, or that it was his intention to do more than recognize the validity of the verbal sale made by him to Ware.    Taking the answer of Cowles as true in relation to this matter, to which  it is in response, the case is brought directly within the influence of Ware v. Cowles, 24 Ala. 446.    Cowles had the right to look to Ware, as well as to the land, for the payment of the purchase money ; and unless it clearly appeared from his statements  that he  intended to relinquish his lien upon the land, no one had a right to give that interpretation to them.    The law will not create an estoppel by argument or inference.    The sanction of the sale by Ware we regard as amounting to no more  than the recognition of his verbal contract.    It was the same as if he had said, I have sold to Ware, keeping the title in myself, and he may sell to whom he pleases.    We  say that this  was the effect, because Seales knew  that  Cowles  retained  the  title.    Surely there was nothing in this  from which it could reasonably be inferred that Cowles intended to part with his lien.    But he went further, and said that he would look to Ware for the purchase money.    Taking all the circumstances into consideration, we cannot say, with any certainty, that by this he meant that he would  look to Ware alone.    We should rather suppose, that

his meaning was, that although the sale was a verbal one merely, yet he recognized it as binding, and should look to Ware, to whom he had sold, to pay the purchase money.— This, we think, is a more reasonable inference, than to suppose he intended, without any inducement, to give up a substantial right. The law forbids us, in doubtful cases, to give such a construction to language in order to raise an estoppel.

Judgment affirmed.