## JARRELL *vs.* LILLIE.

[ACTION ON PROMISSORY NOTES AND ACCOUNTS.]

1. *Plea denying plaintiff's ownership.*—The rule of practice adopted at the January term, 1853, which provides that, in an action "by any transferree, assignee, or endorsee, the plaintiff shall not be required to prove his interest in the cause of action, unless the same is put in issue by plea verified by affidavit," does not change any rule of evidence, nor relieve the plaintiff, when such sworn plea is filed, from the necessity of proving his cause of action as before.

2. *Possession as proof of ownership.*—Possession is *prima-facie* evidence of ownership; but possession of a note by an attorney, as such, is not sufficient to authorize a recovery by him in his own name.

3. *Charge on sufficiency of evidence.*—In an action by the transferree or assignee of a promissory note and open account, the plaintiff's ownership of the cause of action being put in issue by plea verified by affidavit, it is error to instruct the jury, "that if the evidence between the parties was equally balanced, they must find for the plaintiff."

APPEAL from the Circuit Court of Russell.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Jehiel Lillie, against E. C. Jarrell, and was commenced on the 24th August, 1859. The cause of action, as set out in the complaint, consisted of a promissory note executed by the defendant, dated the 9th September, 1850, and payable on the 25th December, 1851, to John Godey or bearer; another note dated the 29th October, 1850, and payable on the 1st January, 1851, to H. G. Johnson or bearer; an account for goods sold and delivered, due on the 25th December, 1850, in favor of W. R. Cozart; and an account stated between said Cozart and the defendant on the 25th December, 1850; and the complaint averred that the plaintiff was "the real owner of said notes and accounts." The defendant pleaded—1st, that the plaintiff was not the owner of the notes and accounts declared on; 2d, the general issue; 3d, the statute of limitations; and the first plea was duly verified by affidavit

The plaintiff took issue on the first and second pleas, and replied to the third, that the notes were executed in Georgia, and that the defendant had not resided in this State six years before the commencement of the suit.

"On the trial," as the bill of exceptions states, "the defendant, to prove his first plea, puts the plaintiff on the stand as a witness, who proves that, in the summer of 1859, and before the commencement of this suit, he, as the attorney of the parties, commenced suit in a justice's court in said county, in the name of the payees of said notes; and that he afterwards dismissed said suit, and commenced this suit in his own name. This being all the proof bearing on said issue, the court charged the jury, that the possession of said notes was *prima-facie* evidence of ownership; and that they must find for the plaintiff, unless such proof was rebutted by proof on the part of the defendant; and further, that if, on said issue, the evidence on the part of the plaintiff and defendant was equally balanced, then they must find for the plaintiff; to each of which charges, as above set forth, the defendant excepted. The plea of the statute of limitations, and the general issue, were disposed of without any objection on the part of the defendant."

The charge of the court is now assigned as error.

L. F. McCoy, for appellant.

W. P. Chilton, *contra.*

BYRD, J.—The rule of practice adopted at the January term, 1853, (31 Ala. p. v,) does not change any rule of evidence, or impose upon the plaintiff any greater or less burden of proof when the plea is verified as required by the rule. Its effect is, merely to require the plea *"to be verified by affidavit"* in the particular cases referred to in the rule, and to relieve the plaintiff from the proof of title, if this is not done. It leaves the sufficiency of the proof to establish the interest of the plaintiff in the cause of action to be ascertained by the same principles which were applicable before the adoption of the rule.

2. Possession is *prima-facie* evidence of title or interest

in the party having the possession.—*Ala. & Miss. R. R. Co. v. Sanford & Reid*, 36 Ala. 708 ; 17 Ala. 211, 566 ; 23 Ala. 626. But possession as an attorney, would not authorize a suit and recovery in the name of the attorney.

3. All the evidence given on the issue joined on the first plea is set out in the record. Whether the word "issue" in the second charge refers to the issue joined on the first plea, or to the first charge of the court, still the second charge, which directs the jury that, "if on said issue the evidence on the part of the plaintiff and defendant was equally balanced, they must find for the plaintiff," is erroneous. In the case of *May's Adm'r v. Williams*, (27 Ala. 272,) the court say : "We think that the court laid down the law too broadly, when it instructed the jury that, in civil cases, they were bound to find according to the preponderance of the testimony. Whatever facts are necessary to be established, whether by the plaintiff to give him the right to recover, or by the defendant to sustain his defense, must be proved ; and although, from the nature of things, it is impossible to say what degree or quantity of evidence amounts to proof, as it must necessarily depend upon the effect it has upon the mind, yet it will scarcely be denied that it would be unjust to charge a defendant with a heavy debt, when the preponderance of the evidence merely inclined the minds of the jury to the side of the plaintiff."

If a preponderance in favor of the plaintiff will not authorize a verdict in his favor, by no rule of law can he be entitled to one when the evidence is equally balanced. Even if the court referred by the words "said issue" to the rebutting evidence of the defendant to the proof of possession by plaintiff of the notes sued on, and the defendant rebuts that proof by evidence which equally balances that of plaintiff ; still, in such a case, the court should not charge the jury that they must find for the plaintiff.—1 Ala. 203 ; 15 Ala. 468. When the burden of proof is on the plaintiff, as *to any fact which is necessary* for him to prove, to entitle him to recover, so long as the evidence is equally balanced as to the existence of that fact, the plaintiff is not entitled to recover, whether the fact is one of agency, possession, ownership, title, bail-

ment, or otherwise. In any such case, an equilibrium of proof does not entitle plaintiff to a recovery; and a preponderance may or may not.—27 Ala. 272; 15 Ala. 468. The burden of proof, in its legal signification, is never shifted by *evidence*, so as to devolve on the opposite party the necessity of rebutting by preponderating evidence.

Charges, as a general rule, should be based on the conviction the evidence produces on the mind of the jury; and that conviction should be produced after weighing all the evidence before them, not by deciding on the equilibrium or preponderance of evidence. Besides, the evident effect of the charge is to mislead the jury.—13 Ala. 537; 17 Ala. 685, in point; 16 Ala. 53; 1 Ala. 423; 5 Ala. 682; 29 Ala. 200; 21 Ala. 72; 23 Ala. 591; 28 Ala. 606; 22 Ala. 796, 501; 24 Ala. 651; 29 Ala. 188; 28 Ala. 100, 514.

Let the judgment be reversed, and the cause remanded.