(52 Misc. Rep. 353)

GREENWALDT v. UNITED STATES HEALTH & ACCIDENT INS. CO. OF SAGINAW, MICH.

(Supreme Court, Special Term, Erie County. December, 1906.)

1. INSURANCE—NONPAYMENT OF PREMIUMS—FORFEITURE.

Where an accident and health policy provided that, if any renewal premium should be paid after the expiration of the policy, the insurer should not be liable for any illness originating before 30 days from the date of the renewal, and a premium for a certain month was paid after it was due, and 15 days thereafter insured was taken ill and remained so for several months, during which time premiums were paid, he was not entitled to recover sick indemnity.

2. SAME—ESTOPPEL—PROOF OF CLAIMS.

The fact that insured had been requested to make out his proof of claims did not entitle him to recover.

3. APPEAL—PRESUMPTIONS—FACTS TO SUSTAIN DECISION.

Where an accident policy was issued in consideration of a premium and policy fee, and the premium was $1 per month, and insured, on the issuance of the policy, paid the agent $3, it could not be presumed on appeal from a judgment in favor of defendant in an action on the policy, in the absence of evidence, that $2 was a payment of premiums in advance and not a payment of the policy fee.

Appeal from Municipal Court of Buffalo.

Action by Max Greenwaldt against the United States Health & Accident Insurance Company of Saginaw, Mich. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Charles W. Strong, for appellant.
Dana L. Spring, for respondent.

WHEELER, J. On the 7th day of February, 1905, the defendant issued its policy of accident and health insurance to the plaintiff in consideration of the policy fee and the payment of premiums on the first day of each month. It was provided in the policy that:

"If the payment of any renewal premium shall be made after the expiration of this policy or the last renewal receipt, neither the assured nor the beneficiary will be entitled to recover for any accidental injury happening between the date of such expiration and 12 o'clock noon, standard time, of the day fol-

lowing the date of such renewal payment; nor for any illness originating before the expiration of thirty days after the date of such renewal payment. The acceptance of any renewal premium shall be optional with the company."

It is conceded that the premiums were paid promptly up to August, and that on the 14th day of August, 1905, the premium for that month was paid; such payment being due on the 1st day of the month. On the 29th day of August the plaintiff was taken ill, and remained under the doctor's care for several months, during which time the monthly premiums were continued. The plaintiff made his claim for the amount of sick indemnity which would have been due had the terms of the contract been complied with, and, upon payment being refused, brought this action. He has been defeated in the Municipal Court, and brings this appeal.

While the courts have been reluctant to permit insurance corporations to avoid their policies through forfeiture clauses, I find no case in which they have made a new or different contract from that which was entered into between the parties. This is not the case of an insurance company avoiding its policy. It is an effort to make it liable under conditions which it was agreed should not constitute a liability. The policy was for both accident and health insurance. It lapsed by reason of nonpayment of the premium on the 1st day of August, 1905. It remained noneffective until the 14th day of August, when the company, by accepting the premium, under its reserved option, elected to renew its life. From noon of the next day it became fully effective as to accidents happening to the plaintiff during the remainder of that month, and it gave to the plaintiff the right to make his renewal payment on the 1st day of the succeeding month, and to have the benefit of his health insurance after the expiration of 30 days from the date of the payment of the August premium. This is all the company ever contracted to do for the plaintiff, and this court has no power to set aside the judgment; for this would, in effect, result in making a new contract for the parties. The policy was not forfeited. The defendant had a right to name the conditions on which it would accept a renewal of a policy where the assured was in default, and the plaintiff having accepted those conditions, and the illness complained of having originated while the policy was not in force as to illness, the plaintiff has no reason to complain. While it is not apparent why the defendant should have stipulated that it would not be liable for sick benefits under the conditions mentioned in the policy, the fact remains that it did contract upon that basis, and, the plaintiff having deliberately accepted such conditions, he cannot now be heard to say that it is for the company to do differently than it has contracted to do.

Nor is the situation changed because the plaintiff was requested to make out his proofs of claims. Until his proofs of claims were made, the company could not be certain whether the facts brought it within the terms of its policy, and when the proofs were in it showed conclusively that the company did not owe him anything. This is entirely different from a case where the conditions of the policy have been performed and the company accepts liability by waiving compliance with conditions subsequent, such as making prompt claims, etc.

But here the very proofs which the plaintiff made showed him to be outside the terms and conditions of his contract. There could be no liability, and therefore the company could not, by its act in asking for the proofs, waive any right, for it could not by a waiver create any affirmative right to a fund which had never been due to the plaintiff.

The appellant contends he still had money to his credit with the defendant applicable to the payment of his August dues, and that the same should have been so applied. The evidence is briefly this: That at the time the application was signed by the plaintiff he paid Mr. Knight, the solicitor of the defendant, the sum of $3. The policy was issued in payment of the premium and policy fee. The premium was concededly $1 a month. The balance was probably the policy fee, but no evidence was given on the subject. The plaintiff had the burden of proof. If he contended he had overpaid his just dues so that he had a deposit to his credit applicable to the August premium, he should have given evidence to establish that fact. We do not see how this court, in the absence of evidence, can indulge in any presumption that the money paid by the plaintiff on taking out the policy was an advance, and not in payment of the policy fee.

The judgment appealed from should be affirmed, with costs.