(104 So. 32)
**BOBO v. TALLY et al.   (8 Div. 703.)**

(Supreme Court of Alabama.   March 26, 1925. Rehearing Denied April 30, 1925.)

**1. Appeal and error ⬉736—Where several rulings are grouped, each ruling must be erroneous to be available.**

Where several rulings are grouped in one assignment of error, each ruling must be erroneous in order for such assignment to be available.

**2. Covenants ⬉114(3)—Complaint not setting out warranty or its nature or character held demurrable.**

In view of Code, forms 7 and 8, complaint for damages for breach of warranty which did not set out the warranty or nature or character of same was subject to demurrer.

**3. Appeal and error ⬉737—Assignment charging error in ruling on demurrer to separate counts held unavailable.**

Where assignment charged error in sustaining demurrer to several counts and record disclosed no adverse rulings as to certain counts, assignment was unavailing for purpose of reversing judgment.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by M. J. Bobo against W. J. Tally and J. Z. Schultz for damages for breach of warranty in a deed to lands. From a judgment for defendants on their plea of tender, plaintiff appeals. Affirmed.

Milo Moody, of Scottsboro, for appellant.

In view of the decision, it is not necessary that briefs be here set out.

D. P. Wimberly and John B. Tally, both of Scottsboro, for appellees.

ANDERSON, C. J. [1] It is well settled by the decisions of this court that, where

several rulings are grouped in one assignment of error, each ruling must be erroneous in order for said assignment to be available to the appellant. 7 Mayfield's Digest, and many cases cited on page 32. "Where the assignment of error is general, there can be no reversal, unless every assignment or ruling is bad." Mobile Co. v. Bromberg, 141 Ala. 258, 37 So. 395.

[2] The first assignment of error refers jointly to error in sustaining the demurrer to counts 1 and 2 of the complaint. It is sufficient to say that count 1 was subject to the demurrer interposed. It does not set out the warranty or the nature or character of same. See forms 7 and 8 of the Code (Code 1907, p. 1194).

[3] The second assignment of error charges error in sustaining the demurrer to "counts 3, 4, 5, 6, 7, and 8 of the amended complaint." The record, as finally corrected and agreed to, discloses no adverse rulings to the appellant as to counts 4, 6, and 8; hence, under the foregoing authorities, assignment of error No. 2 is unavailing for the purpose of reversing the judgment.

While the plea of tender may not be quite accurate, there was no demurrer interposed thereto, and we think that there was sufficient evidence offered to justify the trial court, sitting without a jury, in holding that said plea was established.

The trial court did not err in overruling the plaintiff's objection to the showing for the witness Sherman. It was in no sense a mere conclusion, but set out plain, relevant facts and was not subject to the only ground of objection assigned thereto.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.