(116 So. 363)

### GREEN v. WAYNESBORO MOTOR CO.
### (8 Div. 16.)

Supreme Court of Alabama. March 29, 1928.

1. **Bills and notes** ⬙254—**Indorser or accommodation indorser may not, by written notice to creditor, compel action against principal debtor, indorser not being surety (Code 1923, § 9555).**

One who is merely an indorser of note or has status of accommodation indorser has no right, by written notice to creditor, to compel action against principal debtor, under Code 1923, § 9555, conferring such right on sureties.

2. **Appeal and error** ⬙737—**Assignment of error for sustaining demurrers to pleas was not sustained where demurrer to one of pleas was not incorporated in record.**

Failure to incorporate in record demurrer to one of pleas *held* to prevent consideration of assignment of error on ground of sustaining demurrers to defendant's pleas, since assignment, not being good as to ruling on single plea, could not be sustained as to the other rulings.

3. **Appeal and error** ⬙736—**Assignment of errors must be good as to all rulings complained of.**

Assignment of errors embracing several rulings to be sustainable on appeal must be good as to all of rulings complained of.

4. **Evidence** ⬙91—**Pleading** ⬙100—**Joinder of issue on averments of complaint is tantamount to plea of general issue, placing burden on plaintiff.**

Joinder of issue on averments of complaint is tantamount to plea of general issue under which plaintiff has burden to prove case as stated in complaint.

5. **Evidence** ⬙423(6)—**Evidence that defendant signed note sued on as indorser held inadmissible, where note itself showed defendant was joint maker or surety and primarily liable.**

Where note sued on showed that defendant was either a joint maker or a surety and was therefore primarily liable, evidence offered to prove that defendant signed note as indorser was properly excluded under rule respecting parol evidence offered to contradict or vary written instrument.

6. **Appeal and error** ⬙1040(6)—**Sustaining demurrers to pleas asserting defendant was indorser, if error, held not prejudicial where note itself showed defendant was primarily liable.**

Sustaining of demurrers to pleas in action on note, even if erroneous, *held* not prejudicial, where pleas asserted defendant was an indorser, whereas note itself showed defendant was liable as joint maker or surety, precluding evidence of execution thereof as indorser under parol evidence rule.

7. **Bills and note** ⬙489(1)—**Absence of plea of non est factum or other special defenses left question of execution of note and circumstances of execution outside issues.**

In action on note, question of execution and circumstances under which note was executed were not within issues, where there was no plea of non est factum or other special defenses.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Action on promissory note by the Waynesboro Motor Company against John A. Green and another. Judgment for plaintiff, and the named defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

James C. Roberts, of Florence, for appellant.

The court was in error in sustaining demurrer to plea 3. Howle v. Edwards, 97 Ala. 649, 11 So. 748; Goodman v. Griffin, 3 Stew. 160; Pickens v. Yarborough, 26 Ala. 417, 62 Am. Dec. 728.

Sims & Bates, of Florence, for appellee.

---

⬙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Pleas 2 and 3 were properly stricken on demurrer. Code 1923, § 9555; Darby v. Berney Nat. Bank, 97 Ala. 643, 11 So. 831. The affirmative charge was properly given for plaintiff. Ellis v. N. Y. Ins. Co., 214 Ala. 167, 106 So. 689; Ferguson v. State, 215 Ala. 245, 110 So. 20; Orr v. Read Phosphate Co., 215 Ala. 562, 112 So. 145.

BROWN, J. Action on a promissory note by the appellee against the appellant and another. The other defendant made no appearance. The appellant here pleaded the general issue as plea 1, and special pleas numbered 2 and 3. Plea 2, in substance, avers that the defendant, John A. Green, was not the maker of the note sued on, *but was only an indorser*, and the note, in form a contract for the purchase price of an automobile purchased by the other defendant, provided that a failure to pay any of the installments due would mature the entire debt; that when the first note fell due and was not paid the defendant served notice on plaintiff to take possession of the property; that the defendant would not be liable as such indorser if the plaintiff allowed said indebtedness to remain unpaid; and that plaintiff failed and refused to take possession of the property as requested.

Plea 3, stating the transaction more in detail, avers that appellant was requested to sign the note "as an accommodation indorser, which he did," after the automobile was delivered to the other defendant; that after the first installment became due and notice thereof was given to defendant, he "wrote plaintiff's agent, A. P. Dulin, that the first note was past due and that he wanted him to replevy the automobile, * * * and make the money out of Paul E. Green and the car"; that this notice was brought home to the plaintiff, and "plaintiff failed and refused to comply with his written request for plaintiff to replevy the car and make the money out of Paul E. Green."

[1] The averments of these special pleas do not bring the case within the influence of section 9555 of the Code, conferring on *a surety* the right, by written notice, to compel action against the principal and cosureties.

The judgment recites:

"The plaintiffs, by leave of the court first had and obtained, filed demurrers to said pleas 1, 2, and 3, and the said demurrers being heard and considered by the court are hereby sustained, *and the issue being joined* between the plaintiffs and the defendants, thereupon came a jury," etc.

[2, 3] The first assignment of error is that:

"The court committed reversible error in sustaining plaintiffs' demurrers to pleas 1, 2, and 3, filed by the defendant, John A. Green."

The demurrer to plea 1, if such demurrer was filed, is not incorporated in the record, and for this reason the assignment cannot be sustained as to plea 1. City of Birmingham v. Muller, 197 Ala. 554, 73 So. 30; Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239. And it is the settled rule here that an assignment of errors embracing several rulings, to be sustainable, must be good as to all. Bobo v. Tally et al., 213 Ala. 83, 104 So. 32.

[4-6] Another view, if it should be conceded that error intervened in the rulings on the demurrers to the pleas, it was without injury. The joinder of issue on the averments of the complaint was tantamount to a plea of the general issue, and under this joinder of issue, as the entire record shows, the plaintiff was put to proof of the case stated in the complaint; that is, the burden imposed by the plea of the general issue, and pleas 2 and 3 each aver that the defendant was *an indorser*—a person only secondarily liable. The evidence offered on the trial—the note, the foundation of the suit—shows, to the contrary, that the defendant was either a joint maker or surety, and was primarily liable. Hudson Trust Co. v. Elliott, 194 Ala. 441, 69 So. 631; Watkins Medical Co. v. Lovelady, 186 Ala. 414, 65 So. 52. This fact essential to the proof of defendant's special pleas is established by evidence indisputable in the light of the rule rejecting parol evidence offered to vary or contradict the terms of a written contract. Cole v. Spann, 13 Ala. 537; Ware v. Cowles, 24 Ala. 446, 60 Am. Dec. 482; 6 Michie's Dig. 350, §§ 290, 291; Jones on Ev. § 434.

[7] This rule of evidence justifies the action of the court in not allowing the defendant to show that he signed the note as indorser, and not as comaker or surety. In the absence of a plea non est factum or other special defenses, the execution of the note and the circumstances under which it was executed were not within the issues.

The undisputed evidence shows that the plaintiff was entitled to recover. Hence the verdict was properly directed by the affirmative charge given at the request of the plaintiffs, and the motion for a new trial was denied without error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.