167 So. 563

## SOVEREIGN CAMP, W. O. W., v. WALLER.

### 3 Div. 166.

Supreme Court of Alabama.

April 16, 1936.

Calvin Poole, of Greenville, for appel-
lant.

Powell & Hamilton, of Greenville, for appellee.

KNIGHT, Justice.

The plaintiff brought this suit against the Sovereign Camp of the Woodmen of the World, defendant appellant, upon an insurance certificate issued by the defendant to its member, William J. Waller, with the plaintiff as the named beneficiary.

The contract, including the constitution, laws, and by-laws of the order, made part of the contract, is substantially the same as that set out in Sovereign Camp, W. O. W., v. Cox, 221 Ala. 58, 59, 127 So. 847, with the further provision set out and noted in Sovereign Camp, W. O. W., v. Lambert, 228 Ala. 440, 153 So. 627, 628. We shall, therefore, not set out the same in this opinion, but, for the pertinent provisions of the contract now before the court, we simply refer to those cases.

In the Lambert Case, supra, we sustained, as being within the competence of the contracting parties, the provisions of the contract brought before the court in that case. In that case it was observed: "When for nonpayment of dues as per contract a benefit certificate in a fraternal insurance society is no longer in force, it is for the parties to stipulate whether, in any event, the insurance shall ever again be put in force. If suspended, subject to reinstatement, it is for them to. stipulate the terms and conditions on .which it shall again become effective. This is sound law everywhere recognized. Contracts stipulating that, upon full compliance with the terms of reinstatement, it shall become effective at the end of a stipulated period thereafter, and conditioned on good health at the end of such period, are upheld as to such condition. Melvin v. Piedmont Mutual Life Ins. Co., 150 N.C. 398, 64 S.E. 180, 134 Am.St.Rep. 943; American National Ins. Co. v. Otis, 122 Ark. 219, 183 S.W. 183, L.R.A.1916E, 875; Greenwaldt v. United States Health & Accident Ins. Co. of Saginaw, Mich., 52 Misc. 353, 102 N.Y.S. 157; 6 Couch, Ency.Ins.Law, § 1376; American Nat. Ins. Co. v. Gallimore (Tex. Civ.App.) 166 S.W. 17."

The defendant filed, in addition to the general issue, four special pleas, each averring that the defendant was "a fraternal beneficiary association governed by a constitution, laws and by-laws; that the constitution, laws and by-laws of the defendant association constituted a part of the policy or certificate of insurance sued on."

Pleas 2, 3, and 4, each brought forward certain provisions of the defendant's constitution, laws, and by-laws, which it was alleged the insured had failed to keep and perform, and which failure on the part of the insured resulted in, or brought about, automatically, the termination of the insured's membership in the association, and, consequently, the termination of the insurance certificate prior to the death of the insured.

Plea 2 set up the failure of the member, William J. Waller, to pay, as the constitution, laws, and by-laws required, within the period allowed, an annual assessment for the year of his death, 1933, and that he "failed to pay during the month of February, 1933, and before the last day of that month, the monthly assessment for that month"; that he thereby became suspend-

ed, his beneficiary certificate became void and the contract between him and the association completely terminated, and the contract was not reinstated during the life of the said William J. Waller.

In plea 3, it is averred that the said William J. Waller was not in good health at the time he became suspended and was not in good health thereafter until the time of his death, and his contract was therefore void and unenforceable.

In plea 4, it was averred that said William J. Waller was not in good health at the time he became suspended and was not in good health thereafter during his lifetime and failed to furnish to the defendant a certificate of good health, and because of the condition of his health and the failure to furnish such certificate, he remained suspended at the time of his death so that the certificate sued on was and is void and unenforceable.

It may be here noted that the contract sued on fully embraced the matters set up in each of defendant's said special pleas.

The sufficiency of these pleas was conceded.

To each of the said pleas 2, 3, 4, and 5 the plaintiff filed general replication, and specially replied to pleas 2, 3, and 4, filing thereto replications numbered 2, 3, 4, and 5.

The defendant filed numerous grounds of demurrer to each of said replications, separately and severally. Replication 3 appears in the report of the case.

■ We are of the opinion that replication 3, at least, was not subject to any ground of defendant's demurrer, and the court properly overruled defendant's demurrer thereto.

Appellant's first assignment of error, which presents for review the action of the court in overruling defendant's demurrers to replications 2, 3, 4, and 5, is as follows: "1. The court erred in overruling the defendant's demurrers to plaintiff's special replications 2, 3, 4 and 5 to defendant's special pleas 2, 3, 4 and 5, as shown on pages 2 to 14, both inclusive, and on page 23 of the transcript."

■■ We have indicated above that special replication 3, at least, was not subject to defendant's demurrer, and the rule here prevailing is that an assignment of error embracing several rulings, to be sustainable, must be good as to all. This rule, therefore, forecloses determination here of the sufficiency of plaintiff's special repli-

cations 2, 4, and 5. Green v. Waynesboro Motor Co., 217 Ala. 348, 116 So. 363; Bobo v. Tally, 213 Ala. 83, 104 So. 32; Brown v. Shorter et al., 195 Ala. 692, 71 So. 103; 7 Mayfield's Digest, p. 23; Bryan v. Day et al., 228 Ala. 91, 151 So. 854.

However, we must not be understood as in any way intimating that replications 2 (as framed), 4, and 5 are good, nor as intimating that the demurrers addressed to either of said pleas aptly pointed out the possible defects in said replication. See McKinley v. National Benefit Life Ins. Co., 223 Ala. 545, 137 So. 450.

After the court had overruled defendant's demurrers to plaintiff's special replications 2, 3, 4, and 5, the defendant filed a general rejoinder thereto, and special rejoinders to replications 2 and 3, and special rejoinders to replications 4 and 5. To these special rejoinders the plaintiff filed a number of grounds of demurrer. On submission, these demurrers were sustained by the court. This action of the court is made the basis for a single assignment of error. It follows, therefore, that if any one of said rejoinders was insufficient and subject to plaintiff's demurrer, the defendant can take nothing by this assignment of error.

■ Rejoinders 2 and 3 to plaintiff's replication 3 are confessedly bad in that they do not aver that the insured was given any notice whatever that the defendant was holding the payments in suspense pending proof of good health, or were holding the payments in trust pending receipt and acceptance by the defendant of a certificate of good health of the said William J. Waller, nor do they, or either of them, aver that the said William J. Waller authorized or consented to such holding of said payments. These rejoinders, in not negativing the averment of special replication 3 that the defendant and its duly authorized representative, during the month of April and also during the month of July, knew that plaintiff's insured was not in good health, must be regarded as confessing such knowledge on the part of the defendant. Sovereign Camp, W. O. W., v. Cox, supra.

■ The court committed no error in sustaining plaintiff's objection to the following questions propounded by the defendant to its witness John T. Yates: "Did you notify the financial secretary of said Oak Tree Camp 581 what disposition was being made of the dues of the said William J. Waller, which were sent in subsequent to the month of March 1933?" "If yes, how was such

notice given?" "Please attach to your answers to these interrogatories true copies of communications sent by you to said T. J. Shell in his capacity as financial secretary of said Oak Tree Camp 581, relating to the disposition of the dues of William J. Waller which were sent in subsequent to March 1933, designating such copies as exhibits to your answer thereto." These letters were but self-serving declarations, and were not admissible over plaintiff's timely objection. Sovereign Camp, W. O. W., v. Harris, 228 Ala. 417, 153 So. 870; Insurance Co. of North America v. Guardiola, 129 U.S. 642, 9 S.Ct. 425, 32 L.Ed. 802; 22 Corpus Juris, 904.

The appellant complains that the court committed error in allowing the plaintiff to prove by the witness Cooper the statements made to the witness by the financial secretary of the local camp. This testimony was offered in rebuttal of the testimony given by Shell, the financial secretary of the local camp, when examined as a witness on behalf of the defendant. The witness Cooper testified in contradiction to what Shell had been allowed to testify to touching the notice Shell claimed he had given Cooper, that the defendant had received and was holding the payments, pending receipt by the defendant of certificate of good health. This was relevant and competent in rebuttal for the purpose offered, viz., to contradict the testimony of the witness Shell. The appellant evidently misconceived the purpose for which the evidence was offered.

■ Under the evidence in the case, it was open to the jury to find that the application signed by the insured on July 5, 1933, for the reinstatement of his insurance, was the result of an imposition practiced by Shell, the camp's financial secretary, upon the insured. The evidence was such as to justify the conclusion by the jury that the company had, in fact, waived the insured's failure to make payments on his insurance at the time the same should have been paid. That Shell knew this fully, and further knew that the insured was fatally stricken, and was a physical wreck. It was open to the jury to find that with this knowledge, Shell prepared the application in question and required the insured to sign it, and then sent it to the Sovereign Camp. As above pointed out, it was open to the jury to find that the defendant had waived its right to insist upon any suspension of the insured, or any termination of his insurance at the time the purported application for reinstatement was signed. In short, it was open to the jury to find that the contract of insurance was in force and effect on July 5, 1933, and there was no occasion for reinstatement of the policy.

The defendant was not, under the evidence, entitled to the general affirmative charge in its behalf.

■ The court will not be put in error for refusing charges 2, 4, 6, 7, and 11, for the use of the terms "If you believe" instead of the words "If you are reasonably satisfied." "Reasonably satisfied" is the degree of conviction required. Pittman v. Calhoun (Ala.Sup.) 165 So. 391;[1] Warner v. Warner, 223 Ala. 524, 137 So. 418; Pan American Petroleum Co. v. Byars, 228 Ala. 372, 153 So. 616.

Charge A was refused without error.

The case under the pleadings and evidence presented a jury question. The jury found for the plaintiff under the evidence, and we are not persuaded that their verdict should be disturbed, hence our conclusion is that the motion for a new trial was overruled by the court below without error.

We have considered all questions pressed upon our attention in appellant's brief, and are at the conclusion that no errors are presented calling for a reversal of the cause, and the judgment appealed from should be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS, and BROWN, JJ., concur.

[1] 231 Ala. 460.