DUNCAN VS THE TOMBECKBEE BANK.

*As to motions against a debtor to the Bank—Certificate that the debt is bona fide the property of the Bank.*

*As to service of process upon late copartners.*

1. To sustain a judgment of the Tombeckbee Bank, rendered against a debtor on motion, the record must show, that the certificate of the president of the Bank, that the debt was the property thereof, was produced.

2. Filing a *declaration* in such a case, will not so alter the nature of the proceeding, as to render the certificate unnecessary.

4. Service of process upon one co-partner of a firm, *after* a dissolution, will not authorise judgment against all the copartners.

This was a notice, issued by the president of the Tombeckee Bank, to Stephen Chandler, Joseph B. Earle, John Duncan and Edward R. Byrd, *lately merchants in company, trading under the firm and style of Edward R. Byrd & Co.*; and apprising them, that at the ensuing Spring term, eighteen hundred and twenty-seven of the Circuit Court of Washington county, the said Bank would move for judgment and award of execution against them, for the amount of a promissory note, made by the said parties.

This notice was served on Chandler and Duncan; and at April term, eighteen hundred and thirty, the defendant, Earle, made himself a party, and the cause was, by consent, transferred to the Circuit Court of Mobile. At the Spring term of Mobile Cir-

cuit Court, eighteen hundred and thirty, the plaintiffs filed a declaration in the cause, and upon the pleas of non-assumpsit, and payment, tender, and accord and satisfaction, filed by Chandler and Duncan, verdict and judgment were had against all the defendants—being rendered as to Earle and Byrd, upon *nil dicit*.

It was assigned upon writ of error in this Court—

First—That the Court below erred in rendering judgment on verdict against the defendants, Chandler and Duncan, before the other defendants were disposed of.

Secondly—That the Court erred in rendering judgment against defendants, Earle and Byrd, who were never before the Court.

Thirdly—That the Court erred, in rendering judgment against the defendants, Byrd and Earle, without its being shown that the pre-requisites required by the statute, had been complied with; because the defendants, if in Court at all, were so, only under the notice.

*Gordon & Goldthwaite*, for plaintiff in error.
*Stewart & Thornton*, contra.

COLLIER, J.—The defendants in error, issued a notice, under the seal of the corporation, directed to Stephen Chandler and Joseph B. Earle, John Duncan and Edward R. Byrd, " lately merchants in company, under the firm and style of Edward R. Byrd & Co.," informing them, that at the term of the Circuit Court of Washington, next thereafter to be holden, the Bank, by its attorney, would move for judgment

and award of execution, on their promissory note, payable to the defendants in error, &c. The notice was executed on Chandler and Duncan alone, and being continued until the spring term of eighteen hundred and thirty, Earle came in and made himself a party, and by consent of himself, Chandler and Duncan, and the defendants in error, the cause was transferred to the Circuit Court of Mobile for trial. After which, the defendants in error, filed a declaration, and an issue was made up, Chandler and Duncan alone pleading—a verdict was found against them, and judgment by *nil dicit*, was rendered against Byrd and Earle.

It is insisted, that the judgment is erroneous—

First—Because it does not legally appear, that the defendants in error were the proprietors of the note sued on.

Second—Because a judgment was rendered against Byrd, on whom process was never served, and who never made himself a party.

First—In *Logwood, et al. vs The President, &c. of the Huntsville Bank**—it was determined, that to sustain a judgment recovered by the Bank *on motion*, the record must show the certificate of the President, as required by the charter. The requisition of the charter of the Tombeckbee Bank, we find to be in all respects, similar to that of the Huntsville Bank, and the record furnishes no intimation that the certificate of the President of the Bank, shewing the defendants in error to have been the proprietors of the promissory notes, was produced in the Circuit Court. But to relieve the case from the influence of this objection, it is insisted that here the proceeding was not

*Ala.R,23.

by motion *only*; that a declaration was filed and pleadings made up, as in ordinary cases. The case must have come into Court by motion, founded on the notice. The declaration must be considered an act of supurerogation, and it was as regular to have pleaded to the notice as the declaration, the former subserving the purpose of the latter, and the writ also.—*Lyon vs The Bank of Alabama.**

*1 Stewart 442.

Second—The second point brings up the question, whether the service of process on one partner in a late firm, is equivalent in law to service on all the members of the concern. The affirmative of this inquiry is attempted to be sustained, by reference to a statute of this State, which is in these words— "When a writ shall be issued against all the partners of any firm, service of the same on any one of them, shall be deemed equivalent to a service on all; and the plaintiff may file his declaration, and proceed to judgment as if the said writ had been served on each defendant." The language of this provision clearly confines it to continuing partnerships.— The words "partners" and "firm," unless preceded or followed by some expression indicating a different meaning, *ex vi termini*, imply a present continuing connection, and do not relate to one, which is past and dissolved.

Such is the natural interpretation of the language of the statute, and though it be remedial in its character, yet, as in its consequences, it may often affect injuriously, those who are not served with process, it cannot be extended by construction, beyond the literal import of its terms.

So much of the opinion of this Court in the case

of *Click & Morgan vs Click*\*—as is opposed to this \*Ala.R.79
opinion, is overruled. The conclusion of the Court
in that case, with all deference, we can not think, re-
sults from the reasoning employed.

The notice and declaration describe the connec-
tion between Duncan and Byrd, as one *lately* exist-
ing, which obviously implies that it was then at an
end. Byrd, then, never having been served with pro-
cess, or appeared, was not amenable to the judgment
of the Circuit Court.

The judgment is, therefore, reversed, and the
cause remanded.

HITCHCOCK, C. J.—Not sitting.