LUCY and another, VS BECK.

*Of judgment against two, service perfected only upon one.*

1. Where original process issues against two, which is served upon one, and the plaintiff declares only against the party served,—though appearance is entered as for both, judgment rendered against both defendants, is error.
2. But in such case, the judgment against both parties, will be reversed, and rendered in this Court, against the party served.

On a writ of error to a judgment of the Circuit Court of Marengo county.

A writ in assumpsit, founded upon a promissory note, executed by Alfred D. Lucy and Thomas B. Lucy, was issued from the office of the clerk of the Circuit Court of Marengo county, against the said Alfred and Thomas, on the fourteenth of March, eighteen hundred and thirty-five: and upon the eighteenth of March, eighteen hundred and thirty-five, was returned executed upon Thomas B. Lucy, *non est*, as to Alfred D. Lucy. The plaintiff then declared against Thomas B. Lucy, discontinuing in his declaration against the said *Alfred*; and subsequently a judgment was entered in the cause, in the following terms, to wit:

"At this day came the parties, by their attorneys, and the defendants saying nothing in bar or preclusion of the plaintiff's action—it is therefore consid-

ered by the Court, that the plaintiff recover of said defendants, the sum of eight hundred and eighteen dollars and twenty-two cents, his damages sustained in the premises, and also his costs of suit, in this behalf, expended."

Upon writ of error, it was here assigned—

First—That the Court below erred in rendering judgment against both defendants, after a discontinuance against one.

Secondly—That the Court below erred in giving judgment against both defendants—the writ having been served only upon one.

*Ellis & Peck*, for the plaintiffs in error—*Crabb & Capers*, contra.

COLLIER, J.—The defendant in error, caused to be issued a writ of *capias ad respondendum*, against the plaintiffs, returnable to the Circuit Court of Marengo. The writ was executed on Thomas B. Lucy only, and against him, the defendant declared, reciting in his declaration, that the cause was discontinued as to Alfred D. Lucy.

At a subsequent term, a judgment was rendered against the plaintiffs, as follows:

"At this day came the parties, by their attornies, and the defendants, saying nothing in bar or preclusion of the plaintiff's action—it is therefore considered by the Court, that the plaintiff recover of the said defendants, &c."

It is insisted, for the defendant, that this judgment must be held to be against Thomas B. Lucy, *alone*, as the service was perfected on him, only,—

that the employment of the plural, instead of the singular number, in designating against whom it is rendered, was a mere clerical misprision, amendable below, or even here, at the costs of the plaintiffs in error.

We do not think so: it is not the duty of the clerk to determine against whom a judgment shall be rendered: this is a judicial act. The mere registration of the judgment, and the ascertainment of the amount due, when that is fixed by writing, and no defence made, is the duty of the clerk.

3 Porter
237

In the case of *Gilbert* and others *vs Lane*,* (at January term, 1836,) this Court determined, that where original process, issued against several, and was served on one only, if the plaintiff proceeded to judgment against all, the proceedings were erroneous, and could only be aided by an appearance, which the judgment in that case shewed.

Had the plaintiff below, have declared against both the parties sued, his judgment would not have been reversible; for the judgment shews that both the plaintiff and defendants, came by their attornies—and their appearance would have dispensed with the service of the writ. But not having thus declared, there is no declaration to sustain the judgment against Alfred D. Lucy—the want of which, we have repeatedly decided, a *defendant* may avail himself of on error..

For this reason alone, the judgment must be reversed, and be here rendered against Thomas B. Lucy.