# FAVER & MOUNT *vs.* BRIGGS.

1. Where a writ issues against two and is served on one only of the defendants, it is error to take a judgment by default against both.
2. Service of a writ on one partner, after dissolution of the firm, does not authorise a judgment against the other.

ERROR to the Circuit Court of Tuscaloosa.

S. D. J. MOORE, for the plaintiffs in error.

WHITFIELD, for the defendant.

PARSONS, J.—Briggs brought his suit against Faver & Mount, as late partners, on a promissory note. The writ was returned executed on Faver, but not found as to Mount. The plaintiff declared against both and took judgment accordingly, by default. Mount neither appeared nor had notice of the suit, and the taking of judgment against him is now assigned as error. In Smith & Howell v. Winthrop, Minor's Rep. 425, the writ was against two defendants, but it was executed only on one. No discontinuance against the other was entered, but a judgment by default was entered against both. The judgment was reversed and the cause remanded.

In the case before us, there was no discontinuance entered. On the contrary, the plaintiff below claimed and recovered judgment against both. It would be idle to call this a clerical error, which could be corrected here at the costs of the injured party. The cases cited by the counsel of defendant in error are not in point, and we are not disposed to extend them.

In Duncan v. The Tombeckbee Bank, 4 Port. 181, it was determined, upon the statute, that service of a writ on one co-partner after dissolution of the firm, did not authorise a judgment against all of the partners. We have considered all that was suggested by the counsel of defendant in error, but our opinion is that the judgment must be reversed and the cause remanded.