## MOORE vs. ARRINGTON.

*Fourth Judicial District Court, August,* 1857.

### FOREIGN JUDGMENTS—COPARTNERSHIPS.

After the dissolution of a partnership one partner cannot, without special authority, authorize an appearance for the other partner in a court of Justice; nor can service of process upon one of the partners of the late firm give jurisdiction to enter judgment against the other.

The facts of the case are reported in the opinion.

*Wade & Flower*, for plaintiff.

*Haight & Haight*, for defendant.

HAGER, J.—This action is brought to recover the amount of a judgment obtained by plaintiffs on the 18th of Feb., 1853, in the Second District Court of New Orleans, La. against Elliott Robbins, and Nicholas O. Arrington " individually, and also the commercial firm of Robbins, Arrington & Co."

Defendant by his answer makes defense:

1st. *Nul tiel record ;* 2d Not served with the process, and did not appear or defend in the original suit in which judgment was rendered, etc.

By the exemplified record introduced in evidence it appears that in the original suit the process for appearance was issued April 26th and served April 27th, 1853, on Robbins, (Arrington does not appear to have been served) ; that an answer was put in by an attorney for Robbins, Arrington & Co., and that he did not appear at the trial.

The testimony discloses, that prior to the commencement of the suit the firm of Robbins, Arrington & Co. had dissolved, and Arrington had left the State of Louisiana, and gone to this State ; that the attorney who put in the answer is dead, and was retained by Robbins alone, to make defense for him, and was not in any way personally employed by Arrington.

After the dissolution of the partnership, Robbins could not, without special authority, have authorized an appearance for Arrington, even if he had attempted to do so ; nor could the service of process upon the former give jurisdiction to enter judgment against the latter.

*Haslet vs. Street,* 5 McCord, 311 ; *Loomis vs. Paones,* Harper, 470 ; 5 Stew. and Port., 293 ; 4 Porter, 181 ; *Mordon vs. Wyer,* 6 M. and Granger, 278 ; *Crane vs. French,* 1 Wend., 311.

For the reasons stated in the case of *Goodrich vs. Green,* page 168, the court in Louisiana had no jurisdiction of the person of the defendant in the original suit, and it is of no efficacy in this State.

Finding and judgment for defendant ordered.