## CHILDRESS AND WIFE *vs.* TAYLOR.

[ACTION AGAINST HUSBAND AND WIFE FOR ARTICLES OF FAMILY SUPPLY.]

1. *Sufficiency of appeal bond.*—Where a married woman takes an appeal, from a judgment in an action at law against her and her husband, she may execute an appeal bond in her own name, without joining her husband.
2. *Service of summons.*—In an action against husband and wife, if the sheriff's return shows that the summons was not executed on the wife, and there was no appearance by her, the judgment against both will be reversed on error.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

The complaint in this case was in these words:

"James H. Taylor *vs.* James L. Childress, and Susannah L. Childress, his wife. The plaintiff claims of the defendants a balance of 93 10-100 dollars, due for goods, wares and merchandise, sold and delivered by plaintiff to defendants in the months of April and May, 1857, together with interest on the amount from the time of the sale. The plaintiff avers, that Mrs. Susannah L. Childress has, and had at the time, a separate estate from her husband; and that the articles of merchandise so furnished were of

13

comfort and support to the household, and suitable to the degree and condition of the family of the defendants, and for which the husband would be responsible at common law."

The sheriff's return on the summons was as follows : " Received 24th September, 1857, and on the 28th September, 1857, I served a copy of the within summons and complaint on James L. Childress."

The judgment of the court is in these words :

"James H. Taylor *vs.* James L. Childress, and Susannah L. Childress, his wife. } This day came the plaintiff, by his attorney; and thereupon came a jury," &c., "who were empaneled and sworn to assess the plaintiff's damages, and on their oaths do say, 'We assess the damages at one hundred and fifty-six 42-100 dollars.' It is therefore considered by the court, that the plaintiff have and recover of the defendants the said sum of one hundred and fifty-six 42-100 dollars, the damages so assessed by the jury, together with the costs in this behalf expended. And the plaintiff, in open court, remits sixty-three 32-100 dollars of the judgment."

From this judgment Mrs. Childress sued out an appeal, and executed a *supersedeas* bond, in which her husband did not join. Errors were here assigned, in the names of both the defendants below separately, in these words: "1. The female appellant says, there was no service of process upon her, and judgment was rendered by default. 2. Both the appellants say, that there was no judgment by default, and the jury was empaneled to assess the damages; which was error. 3. That neither the summons nor the complaint was served on the female appellant, nor did she appear or have notice of the suit; therefore no judgment ought to have been rendered against her." The appellee submitted a motion to dismiss the appeal.

E. S. DARGAN, for the appellants.
CHAMBERLAIN & HALL, *contra*.

Wray v. Wray.

WALKER, J.—A motion is made to dismiss the appeal in this case, upon the ground that the appellant, who is the principal in the appeal bond, is a *feme covert.* The Code, in sections 1987, 1998, and 2131, authorizes proceedings at law for and against a *feme covert* in her own name; and section 3019 requires the appellant to give the appeal bond. To deny to her the power to give an appeal bond in such cases, where her appearance is neither by next friend nor guardian, would involve a denial of the right of appeal accompanied by a *supersedeas.* The Code must, therefore, be understood to clothe a married woman with the power of giving an appeal bond.

The sheriff's return shows that there was no service upon the *feme covert* defendant. It negatives the fact of the leaving of a copy of the summons and complaint with her, as required by section 2165 of the Code. There was no appearance by the *feme covert* defendant. The judgment, being rendered against her without a service by her or an appearance, is erroneous.—Smith & Howell v. Winthrop, Minor, 425; Lucy v. Beck, 5 Porter, 166; Griffin v. Rayfield, 19 Ala. 27; Faver v. Briggs, 18 Ala. 478; Kennedy v. Millsap, 25 Ala. 570; Dew v. Cunningham, 28 Ala. 466.

Judgment reversed, and cause remanded.