173 So. 880

BILBE et al. v. CAMP.

6 Div. 90.

Supreme Court of Alabama.

March 25, 1937.

Theodore J. Lamar, of Birmingham, for appellants.

B. F. Smith, of Birmingham, for appellee.

KNIGHT, Justice.

The complaint consisted of two counts, "A" and "B." Count "A" was for a trespass committed by the defendants, while count "B" claimed damages for the wrongful suing out of an attachment, and causing the same to be levied upon the household goods of the plaintiff.

The suit was brought against Mrs. L. G. Bilbe and her husband, landlords, by Harry C. Camp, the tenant.

The trial resulted in verdict and judgment for plaintiff, and from this judgment Mrs. Bilbe prosecutes this appeal, without bond as provided by section 6138, Code, she having made the required affidavit. Mrs. Bilbe was the sole appellant, however on notice of the appeal being given him, the husband has appeared, and assigned errors on the record. Mrs. Bilbe has separately assigned errors upon the record, as she had the right to do, without any permission from the court for a severance in the assignment of error. Louisville & Nashville R. R. Co. et al. v. Shikle, 206 Ala. 494, 90 So. 900. We make this statement to answer the contention of appellee that the errors were jointly assigned by Mr. and Mrs. Bilbe, and that to be availing, the error, if any, must be injurious alike to both appellants.

There were demurrers to both counts "A" and "B."

Count "A" was sufficient in its averments to state a case against the defendants for a trespass, in "wrongfully and forcefully" entering upon the premises of the plaintiff. Hardeman v. Williams, 169 Ala. 50, 53 So. 794; McGill et al.

56

v. Varin, 213 Ala. 649, 106 So. 44; 38 Cyc. 1078.

■ Count "B," if defective, certainly was not defective, or insufficient, in any respect pointed out by the demurrer, and hence the court committed no error in overruling defendants' demurrer to the two counts of the complaint.

■ The evidence, as we see it, wholly failed to sustain the plaintiff's case, as stated in count "A" of the complaint, but the charge (charge numbered by us for convenience and identification "D"), requested by appellant, Mrs. Bilbe, with respect to this count, was incomplete or elliptical, and the court will not be put in error for its refusal.

We have for identification numbered the defendants' refused charges "A," "B," "C," and "D."

■ There was evidence tending to support the material and essential averments of count "B," and, therefore, the defendants were not entitled to have the jury instructed in the terms of their refused charge "A," which was in effect a direction to return a verdict for defendants.

■ Charge "C" was patently bad, in that it is not predicated upon a finding by the jury from the evidence that defendants acted upon the advice of an attorney, and also bad, in that it entirely ignored one of the material elements of the defense that the defendants attempted to invoke by this charge. It fails to state, as one of the required postulates of such a charge, that the defendants had fully and fairly submitted to the attorney all the facts touching the matter in question, which they knew, or by proper diligence could have known, as a basis for the advice, and their good faith in acting on the advice given. Steed v. Knowles, 79 Ala. 446; Baldwin v. Walker, 94 Ala. 514, 10 So. 391. There are one or more other criticisms that could well be made against charge "C."

■ We are free to confess our inability to see the relevancy or materiality of the question propounded to defendant Bilbe, when testifying in his own behalf, "Had you been sick over there in your home for sometime?" The court committed no error in sustaining plaintiff's objection to the question.

■ The bill of exceptions does not show that an exception was reserved to the action of the court in overruling defendants' motion for a new trial, and hence the ruling of the court on the motion is not reviewable on this appeal. Code, § 6088; Stover v. State, 204 Ala. 311, 85 So. 393; Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801, and cases cited.

The foregoing disposes of all errors assigned and here argued.

There is no error in the record, and the judgment of the court a quo is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS, and BROWN, JJ., concur.