29 So.2d 224

### KRASNER et al. v. GURLEY.
### 6 Div. 480.

Supreme Court of Alabama.
Jan. 16, 1947.

Rehearing Denied March 6, 1947.

Jas. W. Aird and Rogers H. Bite, both of Birmingham, for appellee.

STAKELY, Justice.

This is an action of unlawful detainer. The statutory method of service in an action of this kind is questioned. Mitchell Gurley instituted the suit in the Intermediate Civil Court of Birmingham against Norman Krasner and D. Krasner, individually and doing business as partners under the firm name of D. Krasner and Company. The suit seeks recovery of possession of certain real estate, with storehouse thereon, located in Warrior, Alabama, together with damages for the detention of the property.

Norman Krasner and D. Krasner, pro se.

There was judgment in the Intermediate Civil Court for the property sued

for and $75 as damages for the detention. Upon appeal to the Circuit Court of Jefferson County the case was tried before a jury which returned a verdict for the plaintiff for the property sued for and $280 as damages. Norman Krasner was personally served and he alone made an appearance and pleaded in the case. Neither D. Krasner nor the partnership appeared in either court. The return of the sheriff by his deputy shows that the summons and complaint was "executed on D. Krasner by leaving a copy at residence of Norman Krasner, usual place of abode of D. Krasner." However, D. Krasner made no attack in either the Intermediate Civil Court or the Circuit Court on the purported service on himself. After notice of the appeal of Norman Krasner to this court was given personally to D. Krasner, he joined in the appeal and made assignments of error here as to himself.

The judgment entry in the circuit court shows that Norman Krasner appeared solely for himself and pleaded not guilty and the "other defendants having failed to appear or plead, issue is joined under § 972, Title 7, Code of 1940, as if defendants had pleaded not guilty." There was verdict and judgment for the plaintiff against all the defendants. It is insisted that it is error for judgment to be rendered against all the defendants when only Norman Krasner was served with process and appeared in the cause. In other words, it is claimed that the statutory method of service is invalid. Section 970, Title 7, Code of 1940, provides for service in a suit for unlawful detainer as follows: "The notice must be served on the defendant at least six days before the return day of the process, and may be served on him anywhere within the state. The return of the service thereof by any sheriff or constable of the state is sufficient, or proof of the fact may be made before the justice. It is sufficient to leave a copy thereof at his usual place of abode."

There can be no doubt of the propriety of affirming here the judgment so far as Norman Krasner is concerned. Error, if any, that may have intervened in rendering judgment against all the defendants (see Parker v. Parker, 39 Ala. 347;

Faver v. Briggs, 18 Ala. 478) would still make it proper for us to affirm here the judgment against Norman Krasner. Windham v. National Fertilizer Co., 99 Ala. 578, 12 So. 872. In that case the action was in assumpsit and several as well as joint. Here the action while in tort is several as well as joint. Louisville & N. R. Co. et al. v. Lynne, 199 Ala. 631, 75 So. 14. Here the common law rule as to entirety of a joint judgment against two or more defendants is without any application because if there was no valid service on D. Krasner, there is no basis for a joint judgment. Young v. Woodward Iron Co., 216 Ala. 330, 113 So. 223; Woodfin v. Curry, 228 Ala. 436, 153 So. 620; Interstate Electric Co. v. Russell et al., 242 Ala. 233, 5 So.2d 484.

But in response to the statutory notice—§ 804, Tit. 7, Code of 1940,—D. Krasner has appeared here and his assignments of error will be regarded as several. Bilbe v. Camp, 234 Ala. 54, 173 So. 380. He raised no questions in the lower court, but since validity of service is jurisdictional, and he has waived no rights in regard thereto, we shall consider his assignments of error in this regard because we would do so ex mero motu, even if he made no assignment of error. Craig v. Root, 247 Ala.Sup. 479, 25 So.2d 147.

What is the effect of the service on D. Krasner, when in accordance with the statute a copy of the notice is left at his usual place of abode? The legislature can, of course, provide any method of service it deems wise just so long as the method does not violate the constitutional requirement of due process. There has been a tendency in the courts to relax to a certain extent the requirements of personal service as laid down in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. In Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 343, 85 L.Ed. 278, 132 A.L.R. 1357, the effect of substituted service as distinguished from constructive service was recognized so as to justify a personal judgment against a resident of the forum if the "substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and

an opportunity to be heard." This court in Campbell v. State, 242 Ala. 215, 5 So. 2d 466, 471, discusses the validity of substituted service, which "includes the act of leaving the process at the residence or place of business of the party" provided "the service should be reasonably calculated to give him actual notice (unless the proceeding is in rem, when constructive notice will suffice)." See also 50 C.J. p. 490; 42 Am.Jur. 48.

■ The sheriff's return shows that the notice was served on D. Krasner by leaving a copy at the residence of Norman Krasner, usual place of abode of D. Krasner. The sheriff's return imports verity. It was not attacked and so we take as true the statement therein that D. Krasner was domiciled at the residence of Norman Krasner and accordingly was a resident of this state. Jaffe v. Leatherman, 226 Ala. 182, 146 So. 273.

■■ But even though we assume that D. Krasner was a resident of this state, can we also in line with the requirement of the foregoing authorities assume that the method of service employed was reasonably calculated to give D. Krasner actual notice of the proceedings? Section 970, Title 7, Code of 1940, has been brought forward in its present language from code to code for many years. So far as we can ascertain the validity of the method of service therein provided has never been questioned before. Evidently through all these years the legislature has considered the notice adequate in a suit of this kind. It is sufficient to point out the particular nature of the suit. This is an action in unlawful detainer which means that it is an action for the possession of real estate and must be brought within the jurisdiction where the land lies. It is true that actions of this kind are prosecuted without a preliminary seizure of the land. But this court has said that such possessory action partakes of the nature of suits in rem for the reason that the court undertakes to deliver the land. Woolf v. McGaugh, 175 Ala. 299, 57 So. 754; Findlay v. Hardwick, 230 Ala. 197, 160 So. 336. This court has further said that, "In an action for unlawful detainer the recovery of rent is a mere incident to the recovery of possession of the land." Giddens v. Bolling, 92 Ala. 586, 9 So. 274, 275. Accordingly since the proceeding is quasi in rem, the land being within the jurisdiction of the court, we are satisfied that the method of service prescribed by the statute is valid and does not violate the fair play and substantial justice implicit in due process. Milliken v. Meyer, supra; Campbell v. State, supra. See also Gill v. More, 200 Ala. 511, 76 So. 453.

■ Other questions presented by D. Krasner in his assignments of error will not be considered because they were not raised by him in the lower court and are not insisted upon in brief in his behalf. Norman Krasner insists that he was entitled to the affirmative charge. It is sufficient to say that the charge was not requested in writing. H. J. Crenshaw & Co., v. Seaboard Air Line R. Co., 219 Ala. 206, 121 So. 736. Norman Krasner also claims that defects exist in connection with the notice to terminate the tenancy and the notice to deliver possession. These notices appear in the record as plaintiff's exhibits 1 and 2, respectively, and are the subject of one assignment of error which is not several. The demand for possession is good, since service thereof was in accordance with the provisions of § 967, Title 7, Code of 1940. Hudson v. Birmingham Water Works Co., 238 Ala. 38, 189 So. 72. Since there was no error in overruling the objections to plaintiff's exhibit 2, it is not necessary to consider the objection to plaintiff's exhibit No. 1. Western Ry. of Alabama v. Arnett, 137 Ala. 414, 34 So. 997; Sovereign Camp W. O. W. v. Waller, 232 Ala. 170, 167 So. 563; Green v. Waynesboro Motor Co., 217 Ala. 348, 116 So. 363.

It results that the judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.