40 So.2d 328

## KRASNER v. GURLEY et al.

6 Div. 753.

Supreme Court of Alabama.
March 17, 1949.

Rehearing Denied May 19, 1949.

See also 249 Ala. 640, 32 So.2d 678.

Norman Krasner, pro se, and David W. Krasner, of Atlanta, Ga., for appellant.

Jas. W. Aird, of Birmingham, for appellees.

FOSTER, Justice.

We think the question in this case hinges upon the inquiry of whether the entry of appellees into the premises sued for was forcible under Title 7, section 966, Code, under which the suit was filed by appellant.

Appellant had occupied the property under a lease from the former owner, Mrs. Janie Peyton, dated August 16, 1941, which misdescribed it as being Block 22, when it was in Block 23. On December 2, 1946, appellees entered upon the premises, and the instant suit resulted, which is forcible entry and detainer under section 966, supra. But before that date a suit in unlawful detainer under section 967, Title 7, Code, had been instituted by appellees, or one of them, against appellant and another, resulting in a judgment for plaintiffs which was affirmed by this Court. Krasner v. Gurley, 248 Ala. 686, 29 So.2d 224. That suit described the property like the lease as being in Block 22. The parties had no connection with the same numbered lot in Block 22, but apparently the mistake, as it surely was, did not develop until after that judgment was affirmed. Appellant did not surrender possession of the property in Block 23 under the judgment for a lot described as being in Block 22. Appellees had evidence in the instant case that on December 2, 1946, after the judgment in the circuit court in the former case, and after the appeal was taken by the defendants in that case (one of whom was appellant in this case), but before it was affirmed on appeal, and which according to appellant's brief in this case, tended to show "that the rear or back door to the building located on the southeast corner of lot 5 in Block 23, Town of Warrior, Alabama, had been broken open. That one John Glenn, a police officer of the Town of Warrior, had notified Gurley that the door was open or broken off its hinges. That Gurley entered the premises and store building at the southeast corner of lot 5 in Block 23, Warrior, and Gurley testified that he saw drygoods and shoes scattered around, and that the merchandise belonged to the appellant. The officer, John Glenn, testified that he and Gurley entered the building and that he (Officer Glenn) saw drygoods, shoes, drink

cases and a bed. He also testified that a lot of stuff was piled up. The officer on cross examination testified also that the appellee Mitchell Gurley told him (Officer Glenn) that the merchandise belonged to Norman Krasner. The officer also testified on cross examination that Mitchell Gurley, one of the appellees, went into the building with him."

There is no evidence tending to show that either of the appellees entered by "strong hand, or by exciting fear or terror," as "by breaking open doors, windows or any part of the house, * * * by threats of violence to the party in possession, or by such words or actions as have a tendency to excite fear or apprehension of danger; by putting out of doors, or removing the goods or chattels of the party in possession."

Appellant occupied the storehouse in Block 23 under a lease of a storehouse in Block 22. It is apparent that during such occupancy the tenant and landlord, including appellees as assignees of it by their deed of the property, had treated the lease as properly describing the store in Block 23, and did not discover the error until after the judgment in the former case. No notice of it was taken on the appeal.

We may assume from the evidence that the parties impliedly caused the lease to be corrected so as to describe the store and lot correctly. So that we may further assume that appellant had been in the occupancy of the property as a lessee of it, and that his term had expired under it, and his right to the possession would have been determined in the former suit had the property been correctly described in it. But of course that litigation and the judgments in it confer no rights on these appellees which a court of law can recognize.

At the time appellees entered upon the premises on December 2, 1946, appellant had no right under his lease or otherwise to retain the possession of it. But these appellees as his landlord, to whom he had attorned under his lease, had the right of possession as between them and appel-lant who had not surrendered such possession to them. So that if appellees entered into possession peaceably, their refusal to return such possession to appellant was lawful, and appellant would not in that event have a right to recover it under section 966, supra. Welden v. Schlosser, 74 Ala. 355.

The trial court refused the affirmative charge requested by appellant, and overruled his motion for a new trial based on the contention that as a matter of law the conduct of defendants in entering into possession was not peaceable in the light of the undisputed evidence in that connection.

We think unquestionably the entry was not forcible, as defined in section 966, supra. That statute limits the term "force" to the means there set up. Usually such is the interpretation of similar provisions. 59 Corpus Juris 980, section 580, note 57.

In the case of Fowler v. Pritchard, 148 Ala. 261, 41 So. 667, 670, there is a clear interpretation of the term force as used in what is now sections 966 and 989, Title 7, Code, as follows: "The mere opening of a gate on entering premises is not such force as in law would constitute a forcible entry. 19 Cyc. 1134, 1136; 13 Am. & Eng. Ency. Law, 761. The definition of forcible entry and detainer given in section 2126 of the Code of 1896 requires more than a mere opening of a door to constitute that offense, and under section 2149 the distinction was drawn between a peaceable entry and an entry by force * * *. The word 'force' carries with it necessarily the idea of violence exercised, and it may include a putting in fear by threats; but it certainly cannot include a mere entry by the ordinary means of entrance without any breaking and without any threat of violence to the person."

The rulings of the court which are assigned as error are supported by the foregoing decisions and principles there stated. The judgment is affirmed.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.