Matthias, J.
The single question raised by this appeal is whether the fastening of a summons to the outside doorknob of a residence - with a rubber band constitutes valid residence service.
The basic purpose of service of process is to give notice to a person that an action has been brought against him. However, where substituted service, such as residence service, is authorized by statute, and where if the provisions of the statute are strictly followed it is reasonably probable that the person so served will receive the notice, the fact that in some instances the person does not actually receive the notice does not invalidate the service.
Substituted service is provided for by Section 2703.08, Revised Code, which reads in part as follows:
“Service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally, or by leaving a copy at his usual place of residence * * V’
No question is raised in the instant case as to what is the usual place of residence. It is apparently conceded that the place where the summons was left was the usual place of residence of appellees.
Our sole question is the meaning of the phrase, “by leaving a copy at,” as it is used in Section 2703.08, Revised Code, providing for substituted service on a litigant “by leaving a copy at his usual place of residence.”
It is impracticable if not impossible to attempt to define in detail what specific conduct would constitute the “leaving a copy at his usual place of residence” as required by Section 2703.08, Revised Code. The where and how such process must be left at the residence are primarily questions of fact which must be determined under the facts and circumstances of each case.
However, there are certain basic requirements which must be met in order to have a valid substituted service by leaving a copy of the summons at the residence of the defendant.
For substituted service by leaving a copy of the summons at the usual place of residence to be valid, the summons must' be left at the residence of the defendant in such a place and in such a manner that it is reasonably probable that the defendant *245 will actually receive the notice of the action against him. Lovin v. Hicks, 116 Minn., 179, 133 N. W., 575; Shephard v. Hopson, 191 Ark., 284, 86 S. W. (2d), 30; Krasner v. Gurley, 248 Ala., 686, 29 So. (2d), 224.
Does the fastening of a summons to the doorknob of the residence fulfill the above requirements? Both the Court of Common Pleas and the Court of Appeals found that such procedure did not comply with the statute.
One must take into consideration the fact that today it is the common practice of large numbers of advertisers and other door-to-door canvassers to attach their sundry materials to the doorknobs of homes by means of rubber bands or otherwise. In the usual case, it is unlikely that these numerous papers so attached will receive careful attention from the occupants of the household. The occupant does not expect to find important legal or business papers in such a place. It is a common experience for persons first entering the house, be they adult members of the family, their children, or merely visitors, to remove such matter from the door and to immediately dispose of it or at best to make no more than a cursory inspection of such papers.
In addition, it seems apparent that the attachment of a summons to a doorknob by means of a rubber band hardly represents a secure means of attachment to the door. Wind, rain, or any small physical disturbance of the summons so attached may easily lead to its falling from the door and being blown away or falling into such a place as to cause the paper to pass unnoticed by the occupants of the residence.
Therefore, our conclusion is that the placing of a rubber band around a summons and attaching it to the outside doorknob of either the side door or the front door of a house fails to constitute the leaving of the summons at the usual place of residence, in such place and in such manner that the defendant may reasonably be expected to receive it.
Consequently, we are unable to say, as a matter of law, that the lower courts’ determination that the method and manner of service employed herein was invalid constitutes error.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.