# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2396

_____

In re:  G. Yvonne Stephens,               *
                                          *
              Debtor,                     *
--------------------------------          *
                                          *
G. Yvonne Stephens,                       *
                                          *
              Appellant,                  *
                                          *   Appeal from the United States
       v.                                 *   Bankruptcy Appellate Panel
                                          *   for the Eighth Circuit.
Mary Jo A. Jensen-Carter,                 *
                                          *   [UNPUBLISHED]
              Appellee.                   *

_____

Submitted:  December 4, 2002
     Filed:  December 17, 2002

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

       Georgina Yvonne Stephens (Stephens) filed for Chapter 7 bankruptcy in August 1998, approximately two months after her husband, Larry Kenneth Alexander (Alexander), filed a separate Chapter 13 petition.  Neither she nor Alexander successfully claimed a homestead exemption in their residence.  Stephens received a discharge in November 1998, and the case was closed in January 2000.  In June

2001 the trustee in Alexander's case, Mary Jo Jensen-Carter, filed, on behalf of Alexander's bankruptcy estate, an unlawful-detainer complaint in Minnesota state court; she alleged that the estate was the rightful owner of the residence and that Stephens and Alexander refused to vacate it. Stephens filed in her closed federal bankruptcy case a motion seeking, among other things, a hearing to determine whether the unlawful-detainer action violated the discharge injunction in her bankruptcy case. The bankruptcy court[1] determined that the action did not violate the discharge injunction, because Jensen-Carter's attempts to recover the property lay *in rem* and the discharge injunction frees a debtor from only *in personam* liability. The court declined to address whether Stephens was entitled to a homestead exemption because Stephens had not reopened her bankruptcy case. The Bankruptcy Appellate Panel affirmed, and Stephens appeals.

We review the bankruptcy court's findings of fact for clear error, and its legal conclusions de novo. See In re Papio Keno Club, Inc., 262 F.3d 725, 728-29 (8th Cir. 2001). We agree that because Stephens did not reopen her bankruptcy case, the bankruptcy court was limited to determining whether the unlawful-detainer action violated the discharge injunction. See 11 U.S.C. § 524 (effects of discharge (discharge injunction)); Local R. Bankr. P. (D. Minn.) 5010-1(a)-(c) (reopening of case not necessary where debtor (1) requests relief that could be granted on application if case were reopened, (2) commences adversary proceeding to determine dischargeability of debt or to enforce rights under sections 524 or 525, or (3) requests addition of omitted creditor; debtor must apply to reopen case in all other instances).

We also agree that the unlawful-detainer action did not violate the discharge injunction in Stephens's case. Unlawful-detainer actions lie *in rem*, see Krasner v. Gurley, 29 So.2d 224, 227 (Ala. 1947) (unlawful-detainer action is for possession of

---

[1]The Honorable Gregory F. Kishel, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

real estate, and partakes of suits *in rem*); cf. In re Dabrowski, 257 B.R. 394, 415 (S.D.N.Y. 2001) (although landlord cannot obtain personal judgment against debtor, landlord can, consistent with bankruptcy discharge, evict tenant for nonpayment of rent), and 11 U.S.C. § 524 does not preclude *in rem* actions against debtors, see Johnson v. Home State Bank, 501 U.S. 78, 84 (1991) (bankruptcy discharge extinguishes only actions against debtor *in personam*, leaving intact actions *in rem*); In re Annen, 246 B.R. 337, 340 (B.A.P. 8th Cir. 2000) (same).

Accordingly, we affirm.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We decline to address Stephens's various other arguments, because they are raised for the first time on appeal or must be addressed to the state court in the unlawful-detainer litigation.