THOMAS, Judge.
*1056 Bridgette Morrow appeals from a summary judgment entered by the Tuscaloosa Circuit Court ("the circuit court") in favor of S. Lee Pake. We reverse the circuit court's judgment and remand this cause for further proceedings.
Background
In 2014, Morrow began renting a house from Pake, pursuant to the terms of a written residential rental agreement. After the term of the rental agreement expired, Morrow began renting the property on a month-to-month basis. In August 2016, Pake, acting pro se, initiated an unlawful-detainer action ("the unlawful-detainer action") against Morrow in the Tuscaloosa District Court ("the district court") by filing a form complaint, specifically, Form C-59 that is provided by the Unified Judicial System.
Form C-59 provides, in relevant part:
"1. Plaintiff(s) demands the right to possession from the defendant(s) of the following described residential, commercial or other real property located at: _________
"2. Defendant(s) no longer has the right to possession because: _________
"3. Defendant(s) right of possession has been lawfully terminated by written notice.
"4. Plaintiff(s) also claims the sum of $ ____ plus court costs from the Defendant(s) consisting of: unpaid rent and late charges, plus attorney's fees (if applicable) and other charges.
"5. Plaintiff(s) also claims future rent and late charges, plus attorney's fees (if applicable) and other charges accruing through the date Plaintiff(s) obtains possession of the above described property."
In his complaint, Pake entered the address of the real property at issue in the blank space accompanying allegation "1" and the phrase "failure to pay rent" in the blank space accompanying allegation "2." Pake did not enter an amount of unpaid rent in the blank space accompanying allegation "4."
Morrow responded to Pake's complaint by filing a form answer in which she, by selecting specific pre-filled options, denied that Morrow was entitled to possession of the property and dfenied that she owed him any money. Morrow's answer did not include any counterclaims. The district court thereafter scheduled an "eviction hearing." Before the hearing, however, Pake sent a letter to the district court in which he asked the district court to dismiss his action, explaining: "The tenant has moved." In September 2016, the district court entered a judgment that provided, in its entirety: "Motion to dismiss filed by [Pake] is hereby granted with prejudice."
Sometime later, Morrow initiated an action against Pake in the district court seeking damages totaling $8,167. See § 12-12-30, Ala. Code 1975 (providing, in relevant part, that district courts have subject-matter jurisdiction over "all civil actions in which the matter in controversy does not exceed ten thousand dollars ($10,000), exclusive of interests and costs"). In her complaint, Morrow asserted several claims based on Pake's alleged violation of various protections afforded her under the Alabama Uniform Residential Landlord and Tenant Act, § 35-9A-101 et seq., Ala. Code 1975 ("the Act"). See § 35-9A-105, Ala. Code 1975 (providing, in relevant part: "(a) The remedies provided by this chapter [i.e., the Act] shall be so administered that an aggrieved party may recover appropriate damages" and "(b) Any right *1057 or obligation declared by this chapter is enforceable by action unless the provision declaring it specifies a different and limited effect.").
In February 2017, Pake filed, with the assistance of counsel, a motion to dismiss Morrow's complaint, in which he argued that the claims set out therein were compulsory counterclaims under Rule 13(a), Ala. R. Civ. P., that Morrow had failed to assert in the unlawful-detainer action and that the doctrine of res judicata barred Morrow from relitigating those claims in a subsequent action. On March 16, 2017, the district court entered a judgment granting Pake's motion to dismiss. The judgment provided, in relevant part:
"[Morrow]'s claims in this case are based upon the rights and obligations of the parties pursuant to the lease agreement, which the Court construes as the 'same occurrence or transaction' which was the subject matter of [the unlawful-detainer action]. Accordingly, [Morrow]'s claims are compulsory counterclaims and should have been raised as such in [the unlawful-detainer action]."
The record indicates that Morrow filed a timely notice of appeal in the district court on March 29, 2017, seeking further review in the circuit court. See § 12-12-70(a), Ala. Code 1975 (providing, in relevant part, that "[a]ny party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment");[1] see also Rule M of the Alabama Small Claims Rules (providing, in relevant part, that "[a] judgment may be appealed to the circuit court by the filing of a notice of appeal in the office of the clerk of the small claims court within fourteen days from the date of the judgment").
In May 2017, Pake filed an answer in the circuit court, generally denying the allegations set out in Morrow's complaint and again asserting, in relevant part, that her claims were barred by the doctrine of res judicata. In his answer, Pake also asserted a counterclaim for sanctions under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala. Code 1975 ("the ALAA"). That same day, Pake also filed a summary-judgment motion, to which he attached copies of the parties' residential rental agreement and filings and orders from the unlawful-detainer action.
In his summary-judgment motion, Pake again argued that Morrow's claims were compulsory counterclaims and that they were barred by the doctrine of res judicata, and, in seeking a summary judgment against Morrow regarding her claims, he also specifically asked that the circuit court reserve jurisdiction to determine his counterclaim for sanctions under the ALAA. Morrow thereafter moved to strike Pake's answer and to dismiss his counterclaim for sanctions under ALAA and filed a brief opposing Pake's summary-judgment motion, to which she attached various filings and orders from the unlawul-detainer action, including Pake's letter asking the district court to dismiss the unlawful-detainer action because Morrow had vacated the premises. Pake responded to both Morrow's motion and her brief.
On June 2, 2017, Morrow filed an "amended complaint" in the circuit court, *1058 which was, as is demonstrated by the foregoing summary of the proceedings until that point, actually the first complaint that she filed in the circuit court after appealing the district court's judgment. In addition to alleged violations of the Act, Morrow's amended complaint included a count asserting "breach of contract & unjust enrichment" and a count citing Rule 60(b), Ala. R. Civ. P., that she titled "independent action to vacate the district court's order dismissing [the unlawful-detainer] action ... with prejudice." Pake answered Morrow's amended complaint, generally denying her allegations, reasserting his affirmative defenses, "renew[ing]" his counterclaim for sanctions, and "renew[ing]" his summary-judgment motion to include Morrow's "breach of contract & unjust enrichment" count. On June 12, 2017, Pake filed a motion to dismiss Morrow's claim for an "independent action to vacate the district court's order dismissing [the unlawful-detainer] action ... with prejudice." Morrow filed a brief opposing his motion, and Pake responded to the brief.
On June 27, 2017, the circuit court entered an order denying Morrow's motion to dismiss Pake's counterclaim for sanctions but granting her motion to strike Pake's answer in part; Pake filed an amended answer a few days later. On July 6, 2017, Pake filed what he called a "supplemental brief regarding collateral attack on the district court's judgment," and, that same day, Morrow filed what she called a "supplemental brief in opposition to [Pake]'s motion for [a] summary judgment." On August 24, 2017, the circuit court entered an order granting Pake's motion to dismiss Morrow's request for an "independent action to vacate the district court's order dismissing Pake's action ... with prejudice." That same day, the circuit court entered the following order granting Pake's summary-judgment motion:
"This case was before the Court for hearing on June 26, 2017, on the motion for [a] summary judgment filed by defendant [Pake]. Having considered said motion and the briefs, arguments and submissions of the parties the Court finds as follows:
"1. Pake contends in substance that the claims of [Morrow] in this case are barred based upon the doctrine of res judicata because the district court entered an order dismissing [the unlawful-detainer] action with prejudice. As a general proposition, the Court agrees with Pake that the entry of the [district c]ourt's order dismissing [the] unlawful-detainer claim with prejudice acts as a bar to all claims asserted or which could have been asserted not only by Pake but also by Morrow as a compulsory counterclaim. Morrow contended that her claims in this case were not compulsory counterclaims. The Court disagrees with Morrow on this point and finds that her claims were compulsory counterclaims and therefore should have been filed in [the unlawful-detainer] action in [the] district court.
"2. Morrow further contended in substance that res judicata did not apply to bar her claims because the district court actually dismissed [the unlawful-detainer] action for mootness. Morrow cited a host of cases which stand for the proposition that the doctrine of res judicata requires an adjudication on the merits and that a dismissal for mootness is not an adjudication on the merits for purposes of establishing a bar based upon res judicata.
"3. This is a close case. This Court must address circumstances wherein in the district court dismissed [the unlawful-detainer] action with prejudice yet there is evidence that the dismissal was actually based upon mootness. These circumstances, *1059 along with the excellent briefs and arguments of the parties led the Court, after the hearing on June 26, 2017, to request that the parties provide supplemental briefs on the following issue:
"Should the Court look only to the order of dismissal itself to determine if a dismissal is with prejudice or can the Court look beyond the face of the order itself to determine whether the dismissal was with prejudice or on some other basis?
"4. After reviewing the supplemental briefs of the parties, the Court agrees with Morrow that the Court can look beyond the face of the dismissal order itself to determine whether the dismissal of [the unlawful-detainer] action in [the] district court was with prejudice or based upon mootness. After considering in detail the briefs and arguments of the parties, the Court found the following factors to be persuasive:
"A. That the district court's order of dismissal with prejudice was clearly a dismissal under Rule 41(a)(2)[, Ala. R. Civ. P.,] and the dismissal was 'upon terms and conditions as the Court deems proper.' The dismissal was by a Court which certainly had the jurisdiction to do so. The district court had personal jurisdiction over the parties and subject-matter jurisdiction over the unlawful detainer cause of action.
"B. If Morrow wanted to challenge the dismissal with prejudice order entered by the district court, then Morrow could have objected to the dismissal order at the time of its entry or appeal de novo the dismissal itself to circuit court. Morrow did neither.
"Accordingly, defendant Pake's motion for [a] summary judgment based upon the doctrine of res judicata is due to be and is hereby granted."
Morrow filed a timely notice of appeal to this court on October 2, 2017.[2]
Standard of Review
" ' "A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact-'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be *1060 proved.' Ala. Code 1975, § 12-21-12 ; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
" ' Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala. 1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala. 2004).'
" Pritchett v. ICN Med. Alliance, Inc., 938 So.2d 933, 935 (Ala. 2006)."
Smith v. Fisher, 143 So.3d 110, 122-23 (Ala. 2013).
Analysis
On appeal, Morrow's argument basically focuses on two issues: (1) Whether her claims were compulsory counterclaims in the unlawful-detainer action, such that her failure to assert them in that action barred her from doing so in a subsequent action, and (2) whether the district court's judgment in the unlawful-detainer action constituted an adjudication on the merits of that litigation.[3] In so doing, Morrow also contends that the compulsory-counterclaim issue is a question of first impression. Legal Services of Alabama and Alabama Appleseed Center for Law & Justice, as amici curiae ("the amici"), have also jointly submitted for our consideration an appellate brief in support of Morrow's position, "urg[ing us] to hold that tenants are not required to file all claims as compulsory in unlawful[-]detainer [actions] filed against them." We consider the compulsory-counterclaim issue first.
The compulsory-counterclaim rule is set out in Rule 13, Ala. R. Civ. P.
" Rule 13(a) [, Ala. R. Civ. P.,] requires a person against whom a claim has been asserted to state as a counterclaim any potential claims he or she has against 'any opposing party' if those claims arise out of the same transaction or occurrence that is the subject matter of the original claim. The failure to do so results in the waiver of those potential claims."
Little Narrows, LLC v. Scott, 1 So.3d 973, 979 (Ala. 2008).
Morrow first argues that a conflict exists between Rule 13 and a provision of the Act, specifically, § 35-9A-405(a), Ala. Code 1975, and that the Act therefore supersedes Rule 13. In relevant part, § 35-9A-405(a) provides that, "[i]n an action for possession or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount the tenant may recover under the rental agreement or this chapter," so long as the tenant pays into court "rent accrued and thereafter accruing as it comes due" (emphasis added). Because the legislature used the word "may" instead of "shall" in § 35-9A-405(a), Morrow argues, her claims would have been permissive counterclaims in the unlawful-detainer action instead of compulsory counterclaims. See Rule 13(b), Ala. R. Civ. P. (providing for permissive counterclaims).
In response, Pake argues that § 35-9A-405(a)
"is not addressing whether or not a tenant must bring a counterclaim for any amount recoverable under the rental agreement or the ... Act. What [ § 35-9A-405(a) ] does address is the issue of whether rent must continue to be paid if *1061 a tenant does make a counterclaim and remains in possession."
We agree with Pake that, on its face, § 35-9A-405(a) does not appear to address the issue of compulsory or permissive counterclaims but instead evinces the legislature's intent to establish a prerequisite for asserting counterclaims under certain circumstances. In other words, § 35-9A-405(a) does not indicate whether a tenant's failure to assert counterclaims under those circumstances carries consequences, i.e., an inability to assert the claims in a subsequent action. Section 35-9A-405(a) is silent on that point.
Pake goes on to argue that, had it wished to do so, the legislature could have specifically modified the application of Rule 13 in the Act, and he points to § 35-9A-461(e), Ala. Code 1975, and § 35-9A-141(3), Ala. Code 1975, which, under certain circumstances, modify the application of portions of Rule 62, Ala. R. Civ. P., and Rule 6, Ala. R. Civ. P., respectively. Again, we agree with Pake that the legislature could have modified the application of Rule 13 and that the Act does not expressly do so. We therefore turn to Morrow's next argument.
Alternatively, Morrow asserts that her claims were not compulsory counterclaims in the unlawful-detainer action because they have no "logical relationship" to the unlawful-detainer action. Among other things, Morrow points us to § 35-9A-426, Ala. Code 1975, which provides, in its entirety:
"If a rental agreement is terminated, the landlord has a claim for possession and for rent and a separate claim for actual damages for breach of the rental agreement and reasonable attorney's fees."
In their brief, the amici argue that the language employed in § 35-9A-426 reflects the legislature's intent to acknowledge a distinction between actions for possession, which they contend require only in rem jurisdiction, and actions for damages, which they contend require in personam jurisdiction, and they cite two cases that predate the Act, Greene v. Lindsey, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), and Gaudin v. Collateral Agency, Inc., 624 So.2d 631 (Ala. Civ. App. 1993), in which they say the United States Supreme Court and this court, respectively, also acknowledged such a distinction in addressing service requirements in unlawful-detainer actions. We will therefore further consider the distinctions asserted by Morrow and the amici.
As noted above, Pake initiated the unlawful-detainer action by using a Form C-59 complaint, which unambiguously included a request for possession of the property and at least arguably included requests for past-due unpaid rent and unpaid rent accruing prospectively, although the parties dispute that point in footnotes of their respective appellate briefs, given Pake's failure to specify an amount of past-due unpaid rent in the blank space accompanying allegation "4." It is undisputed, however, that Pake's complaint did not include a separate claim for actual damages resulting from any alleged breach of the rental agreement by Morrow, as is contemplated by § 35-9A-426. At most, therefore, Pake sought only possession of the property and unpaid rent in his complaint.
Rule 13(a), Ala. R. Civ. P., specifically provides, in relevant part:
"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
*1062 But the pleader need not state the claim if: ... (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."
(Emphasis added.) The Committee Comments on 1973 Adoption of Rule 13 elaborate: "The rule does not apply the bar to subsequent action if the defendant is before the court only by in rem jurisdiction. In personam jurisdiction is essential before the failure to plead a compulsory counterclaim becomes consequential." Rule 13(dc), Ala. R. Civ. P., makes Rule 13(a) applicable in district courts.[4]
In Krasner v. Gurley, 248 Ala. 686, 689, 29 So.2d 224, 227 (1947), our supreme court noted the following: " 'In an action for unlawful detainer the recovery of rent is a mere incident to the recovery of possession of the land' " and "the proceeding is quasi in rem, the land being within the jurisdiction of the court." (Quoting Giddens v. Bolling, 92 Ala. 586, 590, 9 So. 274, 275 (1891).) Our supreme court has also explained: "A quasi in rem action is an action 'against the person in respect of the res, where, for example, it has for its object partition, or the sale or other disposition of [the] defendant's property.' " Ex parte Bruner, 749 So.2d 437, 440 (Ala. 1999) (quoting Gill v. More, 200 Ala. 511, 517, 76 So. 453, 459 (1917) ).
Assuming, therefore, that Pake's complaint included both a request for possession of the property and a request for unpaid rent, the latter of which the parties dispute, he sought a judgment against Morrow only "in respect of" the property in question. See id. In other words, the relief sought in Pake's complaint invoked only the district court's quasi in rem jurisdiction. Moreover, as noted above, Morrow did not assert any counterclaims in the unlawful-detainer action. Thus, because the unlawful-detainer action was not an in personam proceeding, the exception to the compulsory-counterclaim rule provided by Rule 13(a)(2) relieved Morrow from asserting her claims in the unlawful-detainer action.
Regarding the second issue raised by Morrow on appeal, which relates to the question whether her claims are barred by the doctrine of res judicata,[5] we note that Rule 13(a) also provides, in relevant part:
"In the event an otherwise compulsory counterclaim is not asserted in reliance upon any exception stated in paragraph (a), relitigation of the claim may be barred by the doctrines of res judicata or collateral estoppel by judgment in the event certain issues are determined adversely to the party electing not to assert the claim."
Because Pake moved the district court to dismiss the unlawful-detainer action after Morrow had vacated the property-indicating his desire to withdraw his allegations against her-the district court's judgment in the unlawful-detainer action did not determine any issues raised therein *1063 adversely to Morrow. Thus, we also conclude that, based on Rule 13(a), Morrow's claims are not barred by the doctrine of res judicata. We reverse the circuit court's summary judgment in favor of Pake on Morrow's claims, and we remand the cause for further proceedings.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, J., concur.
Moore, J., concurs in the result, without writing.
Donaldson, J., recuses himself.

Although a provision of the Act, § 35-9A-461(d), Ala. Code 1975, supersedes § 12-12-70(a), Ala. Code 1975, and requires that a notice of appeal to a circuit court be filed within seven days, that requirement applies only to "eviction judgment[s]" and not to judgments addressing only "money claim[s]." See Radcliff v. Hall Hous. Invs., Inc., 47 So.3d 1258, 1261-62 (Ala. Civ. App. 2010) (explaining, in the context of finality, that § 35-9A-461(d) distinguishes "eviction judgment[s]" from "final judgment[s]" so as to provide "an expedited avenue of appeal from [eviction] judgments" specifically).

As noted above, the circuit court granted Pake's summary-judgment motion, and, in his motion, Pake asked that the circuit court specifically reserve jurisdiction to consider his counterclaim for sanctions under the ALAA. The circuit court, however, did not do so in its judgment, and Pake did not file a postjudgment motion seeking such a reservation of jurisdiction. The circuit court's judgment therefore implicitly denied Pake's counterclaim for sanctions, and, because all other pending claims were resolved, the circuit court's judgment was a final judgment. See Klinger v. Ros, 33 So.3d 1258, 1260 (Ala. Civ. App. 2009) ("Our supreme court has held that, when a trial court enters an otherwise final judgment on the merits of a case but fails to address a pending ALAA claim or to reserve jurisdiction to later consider that claim, the ALAA claim is implicitly denied by the judgment on the merits.").

Morrow does not argue that the circuit court erred by granting Pake's motion to dismiss her "independent action to vacate the district court's order dismissing Pake's action ... with prejudice," and we will therefore not consider that issue on appeal. See Ex parte Riley, 464 So.2d 92, 94 (Ala. 1985).

Rule 13(dc) also creates yet another exception to the compulsory-counterclaim rule "when the claim is beyond the jurisdiction" of the district court. Because Morrow's claims sought damages totaling only $8,167, however, that exception does not apply in this case. See § 12-12-30.

See Ex parte Chesnut, 208 So.3d 624, 635 (Ala. 2016) ("The elements of res judicata are ' "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." ' Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914, 919 (Ala. 2007) (quoting Equity Res. Mgmt., Inc. v. Vinson, 723 So. 2d 634, 636 (Ala. 1998) ).").